# United States Court of Appeals for the Federal Circuit

2007-7130

LIZZIE K. MAYFIELD,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Michael P. Horan, Paralyzed Veterans of America, of Washington, DC, argued for claimant-appellant.

Martin F. Hockey, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Martie S. Adelman, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Bruce K. Kasold

# United States Court of Appeals for the Federal Circuit

2007-7130

LIZZIE K. MAYFIELD,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  September 17, 2007

_____

Before MICHEL, Chief Judge, LOURIE and BRYSON, Circuit Judges.

MICHEL, Chief Judge.

Lizzie K. Mayfield appeals a December 21, 2006 final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals ("Board") denying Mayfield's claim for dependency and indemnity compensation ("DIC") because her husband's death was not service connected, and upholding the Board's determination that a letter sent to Mayfield provided her with notice as required by the Veterans Claims Assistance Act ("VCAA"), 38 U.S.C. § 5103(a). Mayfield v. Nicholson, 20 Vet. App. 537 (2006) ("Mayfield III"). We agree. In addition, one consideration is beyond our jurisdiction as factual. For the reasons discussed below, we affirm in part and dismiss in part.

I

This case is before this court for the second time on appeal. See Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006) ("Mayfield II"). We reiterate the facts described in Mayfield II to the extent that they are necessary for understanding the nature of this appeal now before us.

Mayfield first filed her claim for DIC in 1999 upon her husband's death from congestive heart failure due to coronary artery disease.[1] In December 1999, the Department of Veterans Affairs ("VA") regional office issued a Notice of Decision denying Mayfield's DIC claim on the ground that Mayfield failed to establish any causal relationship between her husband's military service and his death. Mayfield filed a Notice of Disagreement, and in June 2000, the regional office issued a Statement of the Case ("SOC") stating that "no medical evidence has been presented which provides a link" between Mr. Mayfield's death and his military service. Mayfield appealed to the Board, which remanded the case to the regional office in December 2000 to comply with the recently enacted VCAA.

The VCAA was enacted in November 2000 to require the VA to assist veterans claiming VA benefits. Congress passed the legislation in response to a July 1999 decision of the Veterans Court, Morton v. West, 12 Vet. App. 477 (1999), holding that the VA did not have any duty to assist veterans in developing their claims to benefits unless the claims were "well-grounded." The VCAA eliminated the "well-grounded" claim requirement and imposed upon the VA the burden of "provid[ing] a substantial amount of assistance to a [claimant] seeking benefits." 146 Cong. Rec. H9913 (Oct. 17,

---

[1] Mayfield's husband, Estey Mayfield, was a WWII veteran having a 50% disability rating for a left-leg injury and varicosities of both legs.

2000) (Explanatory Statement by the House and Senate Committees on Veterans' Affairs); <u>see also</u> <u>Sanders v. Nicholson</u>, 487 F.3d 881 (Fed. Cir. 2007).

As part of this assistance, the VA is required to notify claimants of what they must do to substantiate their claims. 38 U.S.C. § 5103(a). This statute, entitled "Notice to claimants of required information and evidence," provides:

> Upon receipt of a complete or substantially complete application, the Secretary shall notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of that notice, the Secretary shall indicate which portion of that information and evidence, if any, is to be provided by the claimant and which portion, if any, the Secretary, in accordance with section 5103A of this title and any other applicable provisions of law, will attempt to obtain on behalf of the claimant.

<u>Id.</u> The statutory notice requirement of § 5103(a) is implemented in 38 C.F.R. § 3.159(b)(1), which provides in pertinent part:

> When VA receives a complete or substantially complete application for benefits, it will notify the claimant of any information and medical or lay evidence that is necessary to substantiate the claim. VA will inform the claimant which information and evidence, if any, that the claimant is to provide to VA and which information and evidence, if any, that VA will attempt to obtain on behalf of the claimant. VA will also request that the claimant provide any evidence in the claimant's possession that pertains to the claim.

The VA's duty to notify under the VCAA cannot be satisfied "by various post-decisional communications from which a claimant might have been able to infer what evidence the VA found lacking in the claimant's presentation," as such post-decisional notices do not contain the same content or serve the same purpose as § 5103(a) notification. <u>Mayfield II</u>, 444 F.3d at 1333-34. Thus, to comply with § 5103(a), the VA must provide VCAA notice prior to its initial unfavorable decision. <u>See</u> <u>Pelegrini v. Principi</u>, 18 Vet. App. 112 (2004).

On December 13, 2000, the regional office issued a letter to Mayfield, requesting that she identify all health care providers who treated her husband as well as any medical treatment received by him in the period immediately preceding his death. In response, Mayfield submitted forms authorizing her husband's physicians to release his medical records and submit any medical evidence surrounding his death. On March 15, 2001, the regional office sent Mayfield a second letter presumably meant to serve as the notice required by the VCAA. The letter explained what had been done to assist in Mayfield's claim and what information or evidence the VA still needed.

Mayfield responded with a letter requesting a medical opinion on the likelihood that her late husband's service disability was related to his death. The VA obtained a medical opinion from a VA physician concluding that a connection between Mr. Mayfield's service disability and his death was unlikely. Accordingly, in January 2002, the regional office issued a Supplemental Statement of the Case ("SSOC") explaining the reasons for its decision denying service connection for the cause of Mr. Mayfield's death.

The case returned to the Board on appeal, where the Board concluded that the VA had satisfied the notice requirements of the VCAA with its December 1999 letter, June 2000 SOC, and January 2002 SSOC. For inexplicable reasons, however, the Board's opinion did not mention the March 2001 letter. The Veterans Court affirmed the decision of the Board, albeit on the basis of the March 2001 letter. Specifically, the Veterans Court held that the VA had fulfilled its obligations under the VCAA based on the court's analysis of the March 15, 2001 communication not relied on by the Board. Mayfield v. Nicholson, 19 Vet. App. 103 (2005) ("Mayfield I").

On appeal, this court reversed and remanded, holding that the Veterans Court's decision "violate[d] the long-standing principle of administrative law that a court reviewing an agency decision generally may not sustain the agency's ruling on a ground different from that invoked by the agency." Mayfield II, 444 F.3d at 1335. The Veterans Court remanded for a determination by the Board in the first instance whether the March 2001 communication satisfied the notice requirements of the VCAA.

The Board issued a Supplemental Decision in December 2006 in which it concluded that the March 2001 communication fulfilled the VA's notice obligations under the VCAA, and the Veterans Court affirmed in Mayfield III. The Veterans Court upheld the Board's determinations that (1) the March 2001 letter provided adequate notice under the VCAA, (2) the January 2002 SSOC was a "subsequent decision on her case," and (3) harmless error was a basis for finding that the notice was adequate.

Specifically, the Veterans Court stated that, although the March 2001 letter provided that Mayfield was to provide "any evidence" that supports her DIC claim, it was supplemental to the more specific notice she was provided in previous communications. The Veterans Court rejected Mayfield's argument that the VCAA requires the VA to notify the claimant that "evidence from a particular specialist is necessary to substantiate a claim," stating that such action would improperly "require assessing and weighing the information prior to rendering a decision on the claim."

The Veterans Court also affirmed the Board's finding that the January 2002 SSOC served as an adjudication of Mayfield's DIC claim appealable to the Board. Mayfield argued that, even if the March 2001 communication satisfied the VCAA, the VA failed to issue an adjudication decision from which she could appeal. In particular,

Mayfield pointed out that the cover sheet of the SSOC stated that it was "not a decision on the appeal." The Veterans Court found Mayfield's argument to be without merit, stating that the SSOC complied with all applicable due process and notification requirements and therefore constituted a readjudication decision. The Veterans Court considered that the SSOC—by its nature being "supplemental" to the SOC—was sufficient to put Mayfield on notice that she had 60 days in which to appeal as provided in the SOC.

Finally, the Veterans Court upheld the Board's finding that "any defect in the timing of the [§ 5103(a)] notice was harmless error," rejecting Mayfield's contention that the Board could not consider harmless error under the statutory provisions governing the Board. The Veterans Court held that even if the Board lacked authority to consider harmless error, the finding in this case was non-prejudicial nevertheless because "the provision of adequate notice followed by a readjudication 'cures' any timing problem associated with inadequate notice or the lack of notice prior to an initial adjudication."

This appeal followed. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II

In reviewing a Veterans Court decision, this court must "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). This court must set aside any regulation or interpretation thereof, "other than a determination as to a factual matter," relied upon by the Veterans Court that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess

of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." Id. This Court reviews de novo statutory and regulatory interpretations relied upon by the Veterans Court. Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed. Cir. 1991). Except to the extent that an appeal presents a constitutional issue, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Mayfield ascribes three points of error to the Veterans Court's decision. First, that as a matter of law, the Veterans Court erred in concluding that the March 2001 communication satisfied the VA's notification obligations under the VCAA; second, that even if the March 2001 letter satisfies the VCAA notice requirements, the Veterans Court erred in concluding that the 2002 SSOC was an adjudication decision; and, third, that the Board does not have authority to use a prejudicial error analysis to find harmless error. We address each alleged point of error in turn below.

A. Sufficiency of the March 2001 Letter

We first hold that Mayfield's challenge to the Veterans Court's holding that the March 2001 communication satisfied the VA's notification obligations under the VCAA presents a question of fact that we cannot disturb on appeal under 38 U.S.C. § 7292(d)(2). Mayfield attempts to circumvent the statutory restrictions on our Veterans Court jurisdiction by characterizing this issue as a question of law—specifically, the statutory interpretation of 38 U.S.C. § 5103(a). Essentially, Mayfield asserts that the March 2001 letter cannot be in compliance with the plain language of § 5103(a) because in the letter "she was told that she was to submit any additional evidence that

supported her claim," whereas under the statute, the Secretary is required to notify her of "any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate [her] claim."

The problem with Mayfield's argument, however, is that we have previously clearly held in this case that the question of whether the language utilized by the VA in its March 2001 communication to Mayfield satisfies the Secretary's obligations under the plain language of § 5103(a) is one of fact. In Mayfield II we stated that the question of whether the March 2001 letter "satisfied the statutory and regulatory notification requirements [of the VCAA] was a substantially factual determination of the type that should have been made by the agency in the first instance." 444 F.3d at 1335 (emphasis added). While Mayfield blithely contends that, by challenging the content of the March 2001 letter, she is actually asking this court to interpret § 5103(a) according to its plain and unambiguous language, one might question whether the outcome of Mayfield II would have been the same but for our conclusion that the Veterans Court improperly bypassed the fact-finding role of the Board. Specifically, in Mayfield II, we reversed the Veterans Court's decision that the March 2001 communication satisfied the notice requirements of the VCAA because the Board did not address this factual question in the first place, and remanded for further proceedings so that the question of "whether Mrs. Mayfield received appropriate notice . . . [could] be addressed by the agency in the first instance, under the proper legal standard." Mayfield II, 444 F.3d at 1336.

We explained that "[t]he factual character of that inquiry is borne out by prior decisions of the Veterans Court, which have consistently treated the question of

whether a particular notice is sufficient to satisfy the notification requirements of section 5103 as factual," id. at 1335, and further found that our conclusion was supported by comments made by the VA in implementing its regulations accompanying the VCAA that "'the content of VA's notice to the claimant depends on the amount of information and evidence VA already has regarding an individual claim, and cannot precisely be defined by regulation,'" id. (quoting 66 Fed. Reg. 45620, 45622). Our recent decision in Garrison v. Nicholson, No. 2007-7002, slip op. (Fed. Cir. Jul. 25, 2007), finding that the Veterans Court correctly applied the clearly erroneous standard when reviewing a Board's finding that the VA complied with the notice provisions of § 5103(a), is in accord.

In sum, then, we are not persuaded by Mayfield's effort to refashion this issue as a question of law. For this reason, we dismiss Mayfield's first assertion of error as outside our statutory jurisdiction.

## B. The 2002 SSOC as a Readjudication Decision

Next, we consider Mayfield's assertion that the Veterans Court erred in concluding that the 2002 SSOC was a readjudication decision. Because there was no readjudication after her alleged VCAA notice, Mayfield asserts, her appeal was never properly before the Board and the case must be remanded back to the VA for issuance of a decision denying or granting her DIC claim.

Under 38 U.S.C. § 5104(a), the VA must notify a claimant of a VA decision on a claim for benefits and explain the procedure for obtaining a review of the decision. If the VA denies a benefit, the VA's notice of denial must include a statement of the reasons for the decision and a summary of the evidence the VA considered in arriving at its

decision. 38 U.S.C. § 5104(b). The Veterans Court upheld the Board's finding that the 2002 SSOC provided Mayfield with notice that the VA was denying her claim for DIC, and advised her that if she did not respond within 60 days, the matter would be returned to the Board. We agree. In addition, the Veterans Court noted that the SSOC indicates that the VA concluded that the evidence did not indicate any connection between Mr. Mayfield's service and his death. Read as a whole, then, the SSOC announced a decision, provided the reasons and bases therefor, and notified Mayfield of her appeal rights. We discern no error in the Veterans Court's conclusion that the SSOC served as a readjudication decision.

In Mayfield II, we acknowledged that the March 2001 letter did not literally fulfill the requirements of the VCAA because it was not received by Mayfield prior to the VA's issuance of its initial unfavorable decision in December 1999. However, we held that this "timing problem was cured by the Board's remand following the enactment of the VCAA for a new VCAA notification followed by readjudication of Mrs. Mayfield's claim." 444 F.3d at 1334. Notwithstanding this holding, Mayfield argues that we did not clearly characterize the 2002 SSOC as the readjudication decision in Mayfield II. We disagree, as it is clear that the 2002 SSOC must be the readjudication decision we referred to in Mayfield II as preceding the Board's May 2002 decision upholding the denial of Mayfield's claim. Indeed, the only decision issued by the VA following the December 2000 remand was the 2002 SSOC. Id. at 1334. In any event, to the extent that such is unclear, we squarely hold today that, where strict compliance with the timing requirements of the VCAA notification requirements would have been impossible because a claim was pending with the Board or an agency prior to issuance of the

amended version of section 5103(a), a SSOC may properly announce the VA's readjudication decision.

Finally, we reject Mayfield's assertion that the plain language of 38 C.F.R. § 19.31(a) precludes a SSOC from serving as a readjudication decision. Section 19.31(a) provides:

> A "Supplemental Statement of the Case" . . . is a document prepared by the agency of original jurisdiction to inform the appellant of any material changes in, or additions to, the information included in the Statement of the Case or any prior Supplemental Statement of the Case. In no case will a Supplemental Statement of the Case be used to announce decisions by the agency of original jurisdiction on issues not previously addressed in the Statement of the Case, or to respond to a notice of disagreement on newly appealed issues that were not addressed in the Statement of the Case. The agency of original jurisdiction will respond to notices of disagreement on newly appealed issues not addressed in the Statement of the Case using the procedures in §§ 19.29 and 19.30 of this part (relating to statements of the case).

While section 19.31(a) confirms that the SSOC may not announce decisions on issues not previously addressed in a preceding SOC, we fail to comprehend how its plain language supports Mayfield's assertions that a SSOC may never announce readjudicatory decisions of the VA. Indeed, the regulations contemplate such a purpose for an SSOC since it may be furnished under a scenario where, as here, the agency of original jurisdiction receives additional pertinent evidence after issuance of a SOC and before the appeal is certified to the Board. See 38 C.F.R. § 19.31(b)(1).

Therefore, the Veterans Court did not err in determining that the 2002 SSOC—by its nature being "supplemental" to the SOC—was a readjudication decision sufficient to put Mayfield on notice that she had 60 days in which to appeal to the Board as provided in the SOC.

## C. The Board's Finding of Harmless Error

Lastly, we turn to Mayfield's final argument that the Board does not have authority to use a prejudicial error analysis to find harmless error, and conclude that we need not address it. Because we held in Mayfield II that the VCAA timing error could be satisfied by the issuance of a readjudication decision following adequate VCAA notice, and find such to be the case here, the timing error in this case was in fact cured. 444 F.3d at 1334. In other words, since the March 2001 communication served as adequate notice under the VCAA and the SSOC served to readjudicate Mayfield's claim, the initial timing error was cured. Therefore, the harmless error analysis is not needed.

### III

For all the foregoing reasons, we hold that the Veterans Court did not err in affirming the Board's decision denying Mayfield's claim for DIC. Accordingly, the Veterans Court's judgment is affirmed.

### AFFIRMED-IN-PART AND DISMISSED-IN-PART