NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7057

PAULINE PRICKETT,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

Michael P. Horan, Paralyzed Veterans of America, of Washington, DC, argued for claimant-appellant. Of counsel was Mark R. Lippman, The Veterans Law Group, of La Jolla, California.

Martin F. Hockey, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Y. Ken Lee, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7057

PAULINE PRICKETT,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  December 4, 2007

_____

Before RADER, BRYSON, and MOORE Circuit Judges.

RADER, Circuit Judge.

The United States Court of Appeals for Veterans Claims affirmed the decision of the Board of Veterans' Appeals (Board) that denied Pauline Prickett's claim for dependency and indemnity compensation (DIC).  The Board had determined that the death of Mrs. Prickett's husband was not service connected.  Because the notice under the Veterans Claims Assistance Act of 2000 (VCAA), 38 U.S.C. § 5103(a), was adequate, this court affirms.

I

Mr. Prickett was a World War II veteran who served from December 1942 to October 1945 in the U.S. Air Corps Ground Crew.  He was awarded service connection

for psychosis at a disability rating of 100 percent which, by 1950, had been reduced to 10 percent due to marked improvement. In the early 1980's Mr. Prickett was diagnosed with hypertension and potential coronary heart disease. In 1984, the Board affirmed the denial of service connection for these conditions. Mr. Prickett died in 1991 of end stage cardiomyopathy resulting from arthriosclerotic cardiovascular disease with diabetes mellitus as a significant contributor, but not the underlying cause of death. Mrs. Prickett filed a claim for DIC, which was denied in April of 1991 for lack of service connection. Because the decision was not appealed, it became final. Mrs. Prickett's attempt to reopen the claim in February of 2000 was unsuccessful. That May, Mrs. Prickett filed a notice of disagreement with the Department of Veterans Affairs (VA) regarding its refusal to reopen.

On May 29, 2001 the VA Review Officer sent Mrs. Prickett a letter concerning the VA's duty to notify her of the type evidence needed to substantiate her claim and its duty to assist her in obtaining evidence under the VCAA. In August of 2001, a VA Decision Review Officer issued a decision in the form of a statement of case (SOC) reopening the case. In that decision, the Decision Review Officer determined that Mrs. Prickett had submitted new and material evidence, but denied the claim for lack of any relationship between Mr. Prickett's service-connected psychosis and his death. During a hearing which took place in November of 2001, Mrs. Prickett was informed repeatedly of the need for medical evidence to demonstrate the nexus between the veteran's service and the cause of death. Mrs. Prickett submitted no such evidence.

The Decision Review Officer requested that a cardiologist and an endocrinologist or diabetes specialist investigate Mr. Prickett's file to find any evidence of service

connection. These specialists found no such connection. Therefore, the officer issued a supplemental statement of case (SSOC) in February of 2002 informing Mrs. Prickett of the specialists' opinions and giving her the opportunity to make any comments before submission of the case to the Board.

On October 15, 2002, the Board affirmed the denial of Mrs. Prickett's claim. The Veterans Court granted the VA's request to remand the case to allow the Board to provide a more detailed explanation regarding its compliance with the VCAA's notification requirements. On November 7, 2003, in its second decision, the Board again affirmed. The Board determined that the VA had satisfied its notification requirements through "the rating decision, the SOC, the SSOC, and letters sent to the appellant." Importantly, however, this second decision of the Board also described in extensive detail the satisfaction of the VCAA notice requirement by the May 29, 2001 notice letter. The Veterans Court affirmed the Board's decision to deny benefits. Mrs. Prickett now appeals.

II

The VCAA requires the VA to assist veterans in claiming benefits. As part of this assistance, the VA must notify claimants of the requirements to substantiate their claims. 38 U.S.C. § 5103(a). The statute provides:

> Upon receipt of a complete or substantially complete application, the Secretary shall notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of that notice, the Secretary shall indicate which portion of that information and evidence, if any, is to be provided by the claimant and which portion, if any, the Secretary, in accordance with section 5103(a) of this title and any other

applicable provisions of law, will attempt to obtain on behalf of the claimant.

Mrs. Prickett argues that the VA should be bound by the alleged "judicial admission" in its January 2005 brief to the Veterans Court regarding the adequacy of the notice. Mrs. Prickett argues that this court should not allow the VA to alter its arguments now in view of its intervening decision in Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006) (Mayfield II). Mayfield II held that proper notice under 38 U.S.C. § 5103(a) cannot consist of an aggregation of pre-decisional and post-decisional documents:

> The purpose of the statute and the corresponding regulation is to require that the VA provide affirmative notification to the claimant prior to the initial decision in the case as to the evidence that is needed and who shall be responsible for providing it. See Paralyzed Veterans of Am. v. Sec'y of Veterans Affairs, 345 F.3d 1334, 1344-45 (Fed. Cir. 2003); 66 Fed. Reg. 45,620, 45,622-23 (Aug. 29, 2001). That duty of affirmative notification is not satisfied by various post-decisional communications from which a claimant might have been able to infer what evidence the VA found lacking in the claimant's presentation. The text of section 5103(b), which refers to the one-year period 'from the date of such notice,' confirms that Congress envisioned a deliberate act of notification directed to meeting the requirements of section 5103, not an assemblage of bits of information drawn from multiple communications issued for unrelated purposes.

Mayfield II, 444 F.3d at 1333; see also Mayfield v. Nicholson, 499 F.3d 1317, 1320 (Fed. Cir. 2007) (Mayfield III).

In its January 2005 brief before the Veterans Court, the VA summarized the Board's previous decision from October 15, 2002. In that brief, the VA asserted satisfaction of the VCAA notification requirements through "the rating decision, SOC, SSOCs, and letters sent to the appellant, including the May 2001 letter." In the Board's

second determination on November 7, 2003, it repeated the VA's summary comments that the "discussions in the rating decision, the SOC, the SSOC, and the letters sent to the appellant informed her of the information and evidence needed to substantiate the claim . . . ."

In view of Mayfield II, the Board's and VA's reliance on pre- and post-decisional documents for notice was not proper. These misstatements without the benefit of our guidance in Mayfield II, however, do not alter the character of the actual notice accorded Mrs. Prickett. The Board made factual findings sufficient to establish that the May 29, 2001 letter satisfied the notice requirements of 38 U.S.C. § 5103(a). The November 7, 2003 Board decision describes with particularity all the ways in which this May 29, 2001 notice letter satisfied the statute:

> The communications, such as a letter from the RO dated in May 2001, provided the appellant with a specific explanation of the type of evidence necessary to substantiate her claim, as well as an explanation of what evidence was to be provided by her and what evidence the VA would attempt to obtain on his (sic) behalf … The letter noted that to establish entitlement to service connected death benefits, the evidence must show three things. First the evidence must show the cause of death. The letter advised the appellant that she should give the VA this evidence. Second, the evidence must show an injury, disease, or other event in service. The letter advised her that the RO would get service medical records and review them to see if they showed that the veteran had an injury or disease in service, or suffered and event in service causing injury or disease. … Third the letter stated that the evidence must show a relationship between the cause of death and the injury, disease or other event in service. It was noted that this was usually shown by a death certificate or in other medical records or medical opinions. The RO advised that they would request this medical evidence if she told them about it. If appropriate, they would also try to get the evidence by requesting a medical opinion from a VA doctor or the appellant could give a medical opinion from her own doctor.

> The appellant was further advised that the RO needed additional evidence from her, including the names or any person, agency, or company who had relevant records, the address of such person, agency, or company, the approximate time frame covered by the records, and the condition treated in the case of medical records.

This detailed Board description shows that the May 29, 2001 VCAA notification letter satisfied the notice requirement. Moreover, as the Veterans Court suggested, the Board's allusion to pre- and post-decisional documents may have referred to all of the VA's notification requirements, not just § 5103(a). Prickett v. Nicholson, 20 Vet. App. 370, 376 (2006). In any event, because the May 29, 2001, letter unquestionably satisfied the notice requirement of § 5103(a), this court discerns no consequence from the VA and Board generalized comments mentioning other non-VCAA notice documents.

These comments also do not offend case law on judicial admissions. Mrs. Prickett cites several cases in which declarations contained within court pleadings became binding judicial admissions. See, e.g., E.C. McAfee A/C Bristol Metal Indus. of Canada Ltd. v. U.S., 832 F.2d 152, 155 (Fed. Cir. 1987). The statements in the January 2005 brief, however, are not judicial admissions with knowledge of the applicable law, but were merely characterizations of the facts known to both parties. These characterizations occurred before this court's decision in Mayfield II. At that time, they adequately described requirements under applicable law. Thus, these passing characterizations were not concessions of the type that were deemed to be judicial admissions in cases such as McAfee.

Lastly, Mrs. Prickett contends that the Veterans Court erred in its determination that the August 2001 SOC issued in the case was a VA Decision Review Officer review decision. She argues that the SOC must come <u>before</u> the VA Decision Review Officer review decision according to 38 C.F.R. § 3.2600 and the decision cannot be issued <u>within</u> an SOC. 38 C.F.R. § 3.2600 governs the review of veteran's claims. 38 C.F.R. § 3.2600 (d) provides that a "review decision . . . will include a summary of the evidence, a citation to pertinent laws, a discussion of how those laws affect the decision, and a summary of the reasons for the decision." 38 C.F.R. § 3.2600 (f) provides that "unless a claimant withdraws his or her notice of disagreement as a result of this review process, VA will proceed with the traditional appellate process by issuing a statement of the case." Mrs. Prickett argues that these two provisions indicate that the review decision and the SOC are two separate documents with one following the other.

Although the regulation does refer to a review decision and an SOC as separate documents, nothing prohibits a Decision Review Officer from issuing a decision within an SOC. In fact, the regulation defining an SOC, 38 C.F.R. § 19.29, appears similar to the information required in a review decision. As the Veterans Court held, it makes no difference whether the officer issues a decision within an SOC or issues the decision and the SOC separately. The Veterans Court stated:

> Here, the August 2001 SOC clearly indicates that Mrs. Prickett's service connection claim for the cause of her husband's death had been properly readjudicated following VA's attempts to cure a timing-of-notice defect. The August 2001 SOC informed Mrs. Prickett that after a review of the evidence received before and after the May 2001 notification letter, her service-connection-cause-of-death claim remained denied. The SOC also provided a statement of reasons or

> bases for that denial, in particular, noting the lack of evidence demonstrating a nexus between the veteran's service and his cause of death. Accordingly, the August 2001 SOC complied with all applicable due process and notification requirements.

Prickett, 20 Vet. App. at 377.

Mrs. Prickett received every opportunity to resolve her dispute before the matter proceeded to the Board. She even received additional opportunities to offer testimony and submit more evidence after the issuance of the August 2001 SOC. This additional information was considered by the VA and an SSOC was issued in February of 2002. Id. As the Veterans Court stated, "the [Decision Review Officer] made every attempt to resolve Mrs. Prickett's dispute before the matter was transferred to the Board." Id. Accordingly, this court perceives full compliance with applicable due process and notification requirements. Moreover the VA could properly issue its decision within an SOC without preparing a separate document. This court stated in Mayfield III that an SSOC may properly announce the VA's readjudication decision. Mayfield III, 499 F.3d at 1323 ("… [W]e squarely hold today that where strict compliance with the timing requirements would have been impossible because a claim was pending with the board or agency prior to the amended version of section 5103(a), an SSOC may properly announce the VA's readjudication decision.").

IV

Because assertions made by the VA in its January 2005 brief to the Veterans Court prior to this court's guidance in Mayfield II were not "judicial admissions," and because a VA decision may be contained within an SOC, this court holds that the

Veterans Court did not err in affirming the Board's decision.  Accordingly, the decision of the Veterans Court is affirmed.