Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7029

VINCENT R. TERIO,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Vincent R. Terio, of Fishkill, New York, pro se.

Joseph A. Pixley, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Assistant Director.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7029

VINCENT R. TERIO,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-0214, Chief Judge William P. Greene, Jr.

_____

DECIDED: March 5, 2008

_____

Before LOURIE, LINN, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Vincent R. Terio appeals an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying reconsideration of an earlier order. <u>Terio v. Nicholson</u>, No. 05-214, 2006 WL 1523194 (Vet. App. May 1, 2006). We <u>dismiss</u> his appeal for lack of jurisdiction.

BACKGROUND

Mr. Terio served on active duty in the United States Armed Forces from February 1948 to February 1950.

In July 1997, he applied for vocational rehabilitation benefits with the Vocational Rehabilitation and Counseling Division ("VR&C") of the Department of Veteran Affairs ("VA"). In an April 1998 letter, the VR&C officer informed him that the VA would pay for tuition and books, but would not cover a subsistence allowance or transportation costs. In a subsequent letter, the officer informed him that he did not meet the requirements for the rehabilitation plan for self-employment. Mr. Terio appealed these actions and several other actions by the VA to the Board of Veterans' Appeals ("Board").

On January 11, 2005, the Board denied his appeals of both the transportation allowance and the self-employment program and noted that Mr. Terio had withdrawn his other appeals, namely, regarding entitlement to prosthetic devices and to housing assistance. Thereafter, Mr. Terio appealed the Board's decision to the Veterans Court.

On May 1, 2006, the Veterans Court issued an order denying Mr. Terio's motion for reconsideration of an earlier order. First, the court stated that the issue raised in the motion for reconsideration was not before the court and that the motion, therefore, constituted a frivolous filing. Then, the court admonished him for repeatedly failing to follow the court's rules and heed the court's orders. Finally, the court gave Mr. Terio an additional fourteen-day extension in which to file his brief in compliance with the court's rules.

Rather than filing his brief with the Veterans Court, Mr. Terio instead filed an appeal with this court. We dismissed his appeal for lack of jurisdiction. Terio v. Nicholson, 197 Fed. Appx. 927 (Fed. Cir. 2006).

In a memorandum decision dated August 30, 2007, the Veterans Court affirmed the Board's decision denying his entitlement to prosthetic devices, housing assistance,

transportation, and the self-employment program. The court concluded that it could not address his constitutional arguments because he had not made specific arguments regarding how he had been denied due process or equal protection. The court further rejected his argument that the Board erred in consolidating his two appeals under a single docket number because, as indicated in a prior order, the court did not have jurisdiction to address this contention. The Veterans Court entered judgment and this appeal followed.

## DISCUSSION

The scope of our review of a Veterans Court decision is limited by statute. See 38 U.S.C. § 7292. Pursuant to 38 U.S.C. § 7292(a), this court has jurisdiction to review a Veterans Court decision with respect to the validity of a decision on a rule, statute or regulation, or any interpretation thereof relied upon by the Veterans Court in making the decision. This court shall hold unlawful and set aside any regulation or interpretation thereof relied upon by the Veterans Court that this court finds to be:

(A) arbitrary, capricious, an abuse of discretion, or otherwise not
    in accordance with law;
(B) contrary to constitutional right, power, privilege, or immunity;
(C) in excess of statutory jurisdiction, authority, or limitations, or
    in violation of a statutory right; or
(D) without observance of procedure required by law.

Id. § 7292(d)(1). Legal determinations by the Veterans Court are reviewed de novo. Mayfield v. Nicholson, 499 F.3d 1317, 1321 (Fed. Cir. 2007); Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed. Cir. 1991). Except to the extent that an appeal from the Veterans Court presents a constitutional issue, this court may not review a challenge to a factual determination or a challenge to the application of a law or regulation to the facts. 38 U.S.C. § 7292(d)(2).

Mr. Terio avers that the Veterans Court's dismissal of his case on May 1, 2006, should be held void because the case consisted of two separate appeals that were improperly consolidated by the Board under one docket number. It appears that Mr. Terio is not appealing the Veterans Court's memorandum decision dated August 30, 2007, affirming the Board's denial of his claims for rehabilitation benefits, but rather its May 1, 2006, order denying as frivolous his motion for reconsideration of an earlier order. In his reply brief, Mr. Terio argues that the order should be held void because the Board lacked jurisdiction over one of the two appeals. The Veterans Court explained in its August 30, 2007, decision that it did not have jurisdiction to consider any alleged error by the Board in its procedural decision to consolidate the two appeals. Mr. Terio's argument concerns a procedural decision by the Board, which was affirmed by the Veterans Court, and not an issue of law over which we have jurisdiction.

Mr. Terio further contends that he was denied due process and equal protection under the Fifth and Fourteenth Amendments. Because he provided no specifics in his constitutional claim before the Veterans Court, the Veterans Court did not consider it. In his reply brief, Mr. Terio alleges, without further explanation, that he was denied due process because the Veterans Court lacked jurisdiction over one of his appeals. Mr. Terio's failure to make specific allegations regarding a constitutional violation precludes our review of the claim. Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (simply characterizing a claim as constitutional does not confer jurisdiction).

Finally, Mr. Terio objects to how the case is captioned because Secretary Nicholson is not a party to the action, but only a representative on behalf of the VA. This is not a legal issue over which this court has jurisdiction. The Secretary of

Veterans Affairs is, however, the proper respondent for the VA in an appeal from the Board.[1]  Therefore, there was no error in how the case was captioned.

## CONCLUSION

For the foregoing reasons, we dismiss the appeal for lack jurisdiction.

## COSTS

Each party shall bear its own costs.

---

[1]     James B. Peake, M.D., was sworn in as the Secretary of Veterans Affairs on December 20, 2007, replacing R. James Nicholson.