**Peter L. SCHIAVONE, Sr.,
Claimant–Appellant,**

v.

**James B. PEAKE, M.D., Secretary of
Veterans Affairs, Respondent–
Appellee.**

**No. 2006–7003.**

United States Court of Appeals,
Federal Circuit.

May 1, 2008.

Mark R. Lippman, The Veterans Law Group, La Jolla, CA, for Claimant–Appellant.

James W. Poirier, Bryant G. Snee, David M. Cohen, Department of Justice, Washington, DC, for Respondent–Appellee.

Before BRYSON, GAJARSA, and MOORE, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

The Secretary of Veterans Affairs moves to dismiss this appeal or, in the alternative, to require Peter L. Schiavone, Sr. to submit a brief. Mark R. Lippman moves for leave to withdraw as counsel to Schiavone and states that Schiavone wishes for this appeal to proceed.

The Board of Veterans' Appeals denied Schiavone's claim for service connection for degenerative joint disease of the cervi-cal spine. The United States Court of Appeals for Veterans Claims affirmed, determining that Schiavone had not shown that the notice provided to him did not satisfy the requirements of requirements of 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159(b)(1). *Schiavone v. Nicholson,* No. 04–0072, 20 Vet.App. 143 (Vet.App. Aug. 30, 2005). Schiavone appealed. On the Secretary's motion, this appeal was stayed pending *Sanders v. Nicholson,* 487 F.3d 881 (Fed.Cir.2007).

In *Sanders,* this court held that any section 5103(a) error should be presumed prejudicial and the Secretary has the burden of rebutting this presumption. The Secretary asserts that in this case, because the Court of Appeals for Veterans Claims rejected Schiavone's contention that the notice he received was not sufficient, *Sanders* does not control. Further, the Secretary argues that the only argument that Schiavone could make on appeal, whether the notice he received satisfied 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159(b)(1), involves a factual challenge and thus is outside this court's jurisdiction.

The court agrees that *Sanders* does not affect the outcome of this case. Further, the court agrees that the appeal raises only factual issues outside the jurisdiction of this court, i.e., whether the notice Schiavone received complied with 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159(b)(1). *See* 38 U.S.C. § 7292(d)(2); *Mayfield v. Nicholson,* 499 F.3d 1317, 1322 (Fed.Cir. 2007) (holding that "challenge to the Veterans Court's holding that [a communication] satisfied the VA's notification obligations under the VCAA [Veterans Claims Assistance Act] presents a question of fact that we cannot disturb on appeal under 38 U.S.C. § 7292(d)(2)"). Thus, this appeal is dismissed.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to withdraw as counsel is granted.

(2) The motion to dismiss the appeal is granted.

(3) The alternative motion to require Schiavone to file a brief is moot.

(4) Each side shall bear its own costs.