ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to dismiss or, in the alternative, to require Donald R. Jones to submit a brief. Jones has not responded to the court’s order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction.
The Board of Veterans’ Appeals denied Jones’ claim for service connection for a right shoulder disability, a thoracic spine disability, and a lumbosacral spine disability. The United States Court of Appeals for Veterans Claims affirmed, determining that Jones had not shown that the notice provided to him did not satisfy the requirements of requirements of 38 U.S.C. § 5103(a). Jones v. Nicholson, No. 03-1464, 2005 WL 3682836 (Vet.App. Nov. 16, 2005). The Court of Appeals for Veterans Claims further determined that Jones had not shown that the Board failed to ensure compliance with an earlier Board remand order. Jones appealed. On the Secretary’s motion, this appeal was stayed pending Sanders v. Nicholson, 487 F.3d 881 (Fed.Cir.2007).
In Sanders, this court held that any section 5103(a) error should be presumed prejudicial and the Secretary has the burden of rebutting this presumption. The Secretary asserts that in this case, because the Court of Appeals for Veterans Claims rejected Jones’ contention that the notice he received was not sufficient, Sanders does not control. Further, the Secretary argues that any remaining challenge to the Court of Appeals for Veterans Claims’ decision would involve factual issues outside this court’s jurisdiction.
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
The court agrees that Sanders does not control the outcome of this case. Further, the court agrees that this appeal raises only factual issues outside the jurisdiction of this court, i.e., whether the notice Jones received complied with 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159(b)(1) and whether the Board ensured compliance with its pri- or remand order. See 38 U.S.C. § 7292(d)(2); Mayfield v. Nicholson, 499 F.3d 1317, 1322 (Fed.Cir.2007) (holding that “challenge to the Veterans Court’s holding that [a communication] satisfied the VA’s notification obligations under the VCAA [Veterans Claims Assistance Act] presents a question of fact that we cannot *374 disturb on appeal under 38 U.S.C. § 7292(d)(2)”). Thus, the appeal is dismissed for lack of jurisdiction.
Accordingly,
IT IS ORDERED THAT:
(1) The motion to dismiss is granted.
(2) The alternative motion to require Jones to submit a brief is moot.
(3) Each side shall bear its own costs.

ORDER

Upon review of the court’s March 12, 2008 order dismissing Donald R. Jones’ appeal for failure to respond to the court’s February 4, 2008 order,
IT IS ORDERED THAT:
The March 12, 2008 order is vacated, the mandate is recalled, and the appeal is reinstated.