ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs requests that the court dismiss or, in the alternative, require that William T. Wilson submit a brief. Wilson has not responded to the court’s order directing him to show cause how his appeal should proceed.
The Board of Veterans’ Appeals determined that Wilson’s claimed disabilities were not service connected and denied disability compensation. The United States *315 Court of Appeals for Veterans Claims affirmed, determining that Wilson had not shown that the notice provided to him did not satisfy the requirements of requirements of 38 U.S.C. § 5103(a). Wilson v. Nicholson, No. 05-2159, 2006 WL 2099999 (Vet.App. June 16, 2006). Wilson appealed. On the Secretary’s motion, this appeal was stayed pending Sanders v. Nicholson, 487 F.3d 881 (Fed.Cir.2007).
In Sanders, this court held that any section 5103(a) error should be presumed prejudicial and the Secretary has the burden of rebutting this presumption. The Secretary asserts that in this case, because the Court of Appeals for Veterans Claims rejected Wilson’s contention that the notice he received was not sufficient, Sanders does not control.
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
The court agrees that Sanders does not control the outcome of this case. Further, the court determines that this appeal raises only factual issues outside the jurisdiction of this court, i.e., whether the notice Wilson received complied with 38 U.S.C. § 5103(a). See 38 U.S.C. § 7292(d)(2); Mayfield v. Nicholson, 499 F.3d 1317, 1322 (Fed.Cir.2007) (holding that “challenge to the Veterans Court’s holding that [a communication] satisfied the VA’s notification obligations under the VCAA [Veterans Claims Assistance Act] presents a question of fact that we cannot disturb on appeal under 38 U.S.C. § 7292(d)(2)”). Thus, the appeal is dismissed for lack of jurisdiction.
Accordingly,
IT IS ORDERED THAT:
(1) The appeal is dismissed.
(2) Each side shall bear its own costs.