NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7074

SIMON R. JULATON,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Simon R. Julaton, of La Union, Philippines, pro se.

Hillary A. Stern, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Martie S. Adelman, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Bruce E. Kasold

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7074

SIMON R. JULATON,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D.,
Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 04-1066,
Judge Bruce E. Kasold.

_____

DECIDED:    September 9, 2008

_____

Before LINN and DYK, <u>Circuit Judges</u>, and STEARNS, <u>District Judge</u>.[*]

PER CURIAM.

Simon R. Julaton ("Julaton") appeals from a final decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals ("Board"). The Board denied Julaton's claim for service connection for osteoarthritis and acute respiratory infection. <u>Julaton v. Nicholson</u>, No. 04-1066 (Vet. App. Dec. 28, 2005). We <u>dismiss</u>.

---

[*]     Honorable Richard G. Stearns, District Judge, United States District Court for the District of Massachusetts, sitting by designation.

BACKGROUND

Julaton served in the armed forces from June 1946 to May 1949. In February 2001, Julaton filed a claim for disability benefits in connection with osteoarthritis and acute respiratory infection. In October 2001, a Department of Veterans Affairs ("VA") regional office ("RO") sent Julaton a letter notifying him of the evidence needed to substantiate his claim. The letter stated that "in order to substantiate a claim for a service-connected disability, the evidence of record needed to establish[:] (1) an injury or disease began in service; (2) a current physical or mental disability; and (3) a causal connection between the incident in service and the current disability." Julaton, slip op. at 2. Julaton replied by sending the RO medical release forms, a personal history, buddy statements, and a medical statement from a hospital. In September 2002, the RO denied his claim.

In August 2003, the RO sent Julaton another letter notifying him of the information and evidence needed to substantiate his claim. That notice also informed Julaton that, after reasonable efforts, the VA was unable to obtain his service medical records and that, pursuant to 38 C.F.R § 3.159(e), Julaton was ultimately responsible for providing the evidence to substantiate the claim. Julaton submitted additional evidence in response to the August 2003 letter.

Julaton appealed the RO decision denying him entitlement for service connection to the Board. The Board found that Julaton did not establish by a preponderance of the evidence that his osteoarthritis and his acute respiratory infection "originated during, was aggravated by, or [was] the result of any event that occurred during [his] period of active service." The Board also held that the RO provided Julaton with sufficient notice

of his duty to provide the RO with competent evidence. Julaton appealed the final decision of the Board to the Veterans Court. The Veterans Court affirmed the Board's decision, denying Julaton's claim for service connection and finding that the RO provided Julaton with sufficient notice. Julaton timely appealed. We have jurisdiction pursuant to 38 U.S.C. § 7292(a).

## DISCUSSION

Our review of decisions of the Veterans Court is limited by statute. We may review "all relevant questions of law, including interpreting constitutional and statutory provisions . . . [and] hold unlawful and set aside any regulation or any interpretation" found to be "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1). However, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." Id. § 7292(d)(2).

Julaton challenges the Veterans Court's determination that he received proper and timely notice of his responsibility for obtaining the necessary evidence to substantiate his claims under 38 U.S.C. § 5103(a). The Veterans Court found that Julaton received the October 2001 notice letter prior to the initial adjudication of Julaton's claim, and that the notice adequately advised him of his responsibility to submit evidence. Those findings are questions of fact, which we lack jurisdiction to review.

Julaton also asserts that the notice was confusing and misleading, because both the October 2001 letter and the August 2003 letter misled Julaton "into believing that he had only thirty and/or sixty (60) days instead of one year in which to submit additional evidence." Julaton, slip. op. at 2 (quoting Brief of Appellant at 15, Julaton v. Nicholson, No. 04-1066 (Vet. App. Dec. 28, 2005)). The letters in fact appear on their face to be confusing. But, while we have held that letters that fail to provide adequate notice are presumed to be prejudicial, Sanders v. Nicholson, 487 F.3d 881, 889 (Fed. Cir. 2007), the Veterans Court seems to have concluded that Julaton was not in fact misled because he submitted evidence in a timely manner, thereby rebutting the presumption. Julaton, slip op. at 2-3. Again, the determination of the Veterans Court in this respect is a finding of fact which we are without jurisdiction to review. Mayfield v. Nicholson, 499 F.3d 1317, 1321-22 (Fed. Cir. 2007).

Finally, Julaton contends that he is entitled to a presumption of service connection because his medical records, which were in the government's possession, were lost in a fire at the National Personnel Records Center. In Cromer v. Nicholson, we previously rejected such a contention, holding that there was neither a presumption that the government acted negligently in failing to preserve the records, nor an adverse presumption of service connection against the government. 455 F.3d 1346, 1350 (Fed. Cir. 2006); see also Jandreau v. Nicholson, 492 F.3d 1372, 1375-76 (Fed. Cir. 2007) (rejecting the contention that the "traditional evidentiary adverse inference rules" create an adverse presumption). This claim, having been previously rejected, lacks merit.

For these reasons, the appeal is dismissed.

No costs.