NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PRESCILLA M. ARROZAL,**

*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2010-7069

---

Appeal from the United States Court of Appeals for Veterans Claims in 08-1597, Chief Judge William P. Greene, Jr.

---

Decided: October 7, 2010

---

PRESCILLA M. ARROZAL, of San Rafael, Bulacan, Philippines, pro se.

DAWN E, GOODMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attor-

ney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and BRIAN D. GRIFFIN, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

––––––––––––––––––––

Before GAJARSA, LINN, and PROST, *Circuit Judges.*

PER CURIAM.

This is an appeal by a veteran's surviving spouse, Prescilla M. Arrozal, seeking dependency and indemnity compensation ("DIC") benefits under 38 U.S.C. § 1310. The Board of Veterans Appeals ("Board") denied entitlement to VA service-connection for the cause of Mrs. Arrozal's husband's death and the United States Court of Appeals for Veterans Claims ("Veterans Court") affirmed the Board's denial. *Arrozal v. Shinseki*, No. 08-1597, 2009 WL 4282836, at *4 (Vet. App. Dec. 2, 2009). Because Mrs. Arrozal is appealing factual determinations, or at most, the law as applied to the facts of the case, this court lacks jurisdiction to consider her claims and the appeal is *dismissed*.

## BACKGROUND

Mrs. Arrozal's husband, Pedro M. Arrozal, served on active duty in the Philippine Commonwealth Army from December 1941 to February 1942, and from May 1945 to May 1946. In April 1985, Mr. Arrozal died of a cerebral hemorrhage due to hypertension. Mr. Arrozal was not receiving any VA benefits at the time of his death. His service medical records ("SMRs") do not indicate that he had cardiovascular disease, cerebral vascular disease, cerebral hemorrhage, or hypertension. His military

discharge examination revealed that he had a normal cardiovascular system.

In October 2004, Mrs. Arrozal filed a claim with the Manila VA Regional Office for DIC benefits under 38 U.S.C. § 1310 claiming that her husband's death resulted from his military service. The Regional Office denied the claim in July 2005 and Mrs. Arrozal appealed. An affidavit was submitted in October 2005, which asserted that Encarnacion Arrozal was the "attendant" of a physician who had been treating Mr. Arrozal for hypertension since 1947. Appellee App. 59. The Board held a video conference hearing, after which it denied service-connection for the cause of Mr. Arrozal's death. The Board found no medical evidence showing cardiovascular disease, cerebral vascular disease or hemorrhage, or hypertension until twenty-seven years after service and found that there was no competent evidence of a nexus between any of Mr. Arrozal's diseases and his military service.

Mrs. Arrozal appealed to the Veterans Court claiming that VA failed in its duty to notify as required by 38 U.S.C. § 5103(a) because VA never informed her that lay evidence and the competency of lay witnesses could be considered in the absence of medical evidence. The Veterans Court found that the Board's determination that the Secretary fully complied with his section 5103(a) duty to notify Mrs. Arrozal through a November 2004 letter was not clearly erroneous because "the Secretary is not required to inform her of evidence specific to her individual claim." *Arrozal*, 2009 WL 4282836, at \*2. Moreover, Mrs. Arrozal's submission of lay evidence demonstrated actual knowledge, making "any notice error in that regard not prejudicial." *Id.* at \*3.

Next, Mrs. Arrozal asserted that the Board erred in considering the long period of time lacking any complaint

of hypertension by her husband. The Veterans Court held that the Board did not commit error when it considered Mr. Arrozal's twenty-seven year gap between his separation from service and initial treatment for hypertension along with other factors as part of the overall record.

Mrs. Arrozal also questioned the Board's decision not to give weight to the affidavit of Encarnacion Arrozal. She argued that Encarnacion Arrozal's evidence should have been considered because as an attendant to the doctor who was treating Mr. Arrozal in 1947, she "heard" that Mr. Arrozal's blood pressure was high. The Veterans Court, citing *Jeandreau v. Nicholson*, 492 F.3d 1372, 1377 (Fed. Cir. 2007), recognized that in some situations lay evidence may be sufficient to establish a diagnosis. However, the Veterans Court concluded that because none of the situations outlined in *Jandreau* were present in this case, the affidavit was insufficient evidence to establish a service-connection.

Finally, Mrs. Arrozol argued that the May 2007 Board video conference hearing was not conducted properly. She claimed that the hearing officer erred in only asking her two to three questions and that the officer failed to inquire about the exact date of Mr. Arrozal's diagnosis for hypertension. Mrs. Arrozal also maintained that she was interrupted by a lady in the video room that prevented her from discussing evidence in her possession, and that despite her age and poor health, she was not given priority at the video conference hearing. Upon reviewing the transcript, the Veterans Court determined that the hearing officer fulfilled his duty under 38 C.F.R. § 3.103(c)(2) by properly asking Mrs. Arrozal whether she was aware of any outstanding medical records not within the Board's possession and by giving Mrs. Arrozal ample opportunity to present arguments and evidence. The Veterans Court also found that Mrs. Arrozal failed to show prejudice

caused by the interruption and lack of priority, and that she did not specify what additional questions the hearing officer failed to ask.

Mrs. Arrozal timely appealed the Veterans Court's decision to this court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002). Under 38 U.S.C. § 7292(a) (2006), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the Veterans Court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and may interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2). All the issues presented here fall within the latter proscribed categories listed in § 7292(d)(2).

On appeal, Mrs. Arrozal first argues there was evidence crucial to her claim that was omitted from the Record of Proceedings and thus certain documents were not before the Veterans Court. Not only were these documents cited as part of the Record Before the Agency ("RBA") and thus considered by the Veterans Court in its finding, but to the extent that Mrs. Arrozal is arguing the Veterans Court should have added evidence outside the RBA to the record, the Veterans Court may not review findings of fact by the Secretary or the Board de novo. 38 U.S.C. § 7261(c). Furthermore, this court may not reevaluate the weight given by the Board or the Veterans

Court to certain pieces of evidence, as this raises an issue of fact beyond our jurisdiction. *Maxon v. Gober*, 230 F.3d 1330, 1333 (Fed. Cir. 2000).

Second, Mrs. Arrozal contends that the November 2004 notice letter violated the Veterans Claims Assistance Act ("VCAA") because it failed to inform her that lay evidence and the competence of a lay witness could be considered by VA. She also argues that "VCAA of 2000 is a constitutional law" and thus attempts to frame her argument as involving a constitutional issue. Appellant Br. 2. However, the question of whether the language of the 2004 letter satisfied VCAA notice requirements under 38 U.S.C. § 5103(a) is one of fact not raising any constitutional issues, and thus we do not have jurisdiction to entertain this matter. *Mayfield v. Nicholson*, 499 F.3d 1317, 1322 (Fed. Cir. 2007). This court is also without jurisdiction to review the factual finding by the Veterans Court that Mrs. Arrozal was not prejudiced by VA's alleged failure to inform her that she could submit lay evidence because she showed actual knowledge by submitting such lay evidence before the Board. *See Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007).

Mrs. Arrozal next challenges the extension of time granted to the Secretary before the Veterans Court. Because this is simply an application of the relevant facts justifying an extension of time applied to the court's procedural rules, this issue is beyond this court's jurisdiction. *See* 38 U.S.C. § 7292.

Mrs. Arrozal also suggests there was some impropriety between the Secretary and the Chief Judge of the Veterans Court. Mrs. Arrozal points to the short time between the filing of the Supplemental Record in the Veterans Court on November 30, 2009 and the issuance of

the Memorandum Decision on December 2, 2009, as well as similarities between the Secretary's brief and the Memorandum Decision as evidence of some impermissible complicity. Mrs. Arrozal's concerns are without justification. The Veterans Court clearly considered the Supplemental Record and the fact that the Veterans Court agreed with the legal analysis of the VA does not suggest any wrongdoing. To the extent that Mrs. Arrozal is arguing that there are incorrect statements of fact considered by the Veterans Court, this is a factual issue not within this court's jurisdiction.

Similarly, this court is precluded from reviewing Mrs. Arrozal's argument that the transcript from the video hearing is factually inaccurate and that the Veterans Court erred by considering it because it is an issue of fact beyond this court's jurisdiction.

Finally, Mrs. Arrozal's bald assertion that there existed a nexus between her husband's 1945 in-service medical record and his death is unsubstantiated. In fact, the RBA shows that Mr. Arrozal had normal blood pressure readings in the May 1945 examination cited by the appellant and even had normal readings prior to discharge in May 1946. Under § 7292(d)(2) we are without jurisdiction to review the findings of fact that none of the medical evidence shows cardiovascular disease, cerebral vascular disease or hemorrhage, or hypertension until approximately twenty-seven years post-service and that there is no competent evidence of a nexus between either of the veteran's fatal diseases and any incident of service.

## CONCLUSION

Because Mrs. Arrozol's appeal involves neither the validity or interpretation of a statute or regulation, nor a Constitutional challenge, this court is statutorily pre-

cluded from considering her claims.    Accordingly, the appeal is dismissed.

No Costs.