Citation Nr: 1132153 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 08-11 152 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES

Entitlement to a compensable rating for bilateral hearing loss from July 24, 2006 to January 14, 2009, and to a rating higher than 30 percent thereafter.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

T. Azizi-Barcelo, Counsel


INTRODUCTION

The Veteran served on active duty from June 1955 to July 1975.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina, that denied entitlement to a compensable rating for bilateral hearing loss. In February 2011, the Board remanded the case for additional development. In a July 2011 rating decision, the RO increased the Veteran's disability rating for bilateral hearing loss to 30 percent, effective January 14, 2009. However, as that grant does not represent a total grant of benefits sought on appeal, the claim for increase remains before the Board. AB v. Brown, 6 Vet. App. 35 (1993).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDINGS OF FACT

From July 24, 2006 to January 14, 2009, the Veteran's bilateral hearing loss was manifest by hearing acuity no worse than level IV in the left ear, and level II hearing acuity in the right ear; effective January 14, 2009, the Veteran's bilateral hearing loss is manifest by hearing acuity no worse than level VI in the left ear, and level VI hearing acuity in the right ear.


CONCLUSIONS OF LAW

1. The criteria for a compensable rating for bilateral hearing loss from July 24, 2006 to January 14, 2009, have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2002 & Supp. 2011); 38 C.F.R. §§ 4.85, 4.86 Diagnostic Code 6100 (2010).

2. The criteria for a rating higher than 30 percent for bilateral hearing loss effective January 14, 2009, have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2002 & Supp. 2011); 38 C.F.R. §§ 4.85, 4.86 Diagnostic Code 6100 (2010).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duty to Notify and Assist

Upon receipt of a complete or substantially complete application, VA must provide notice to the claimant that: (1) informs the claimant about the information and evidence not of record that is necessary to substantiate the claim; (2) informs the claimant about the information and evidence that VA will seek to provide; and (3) informs the claimant about the information and evidence the claimant is expected to provide. 38 U.S.C.A. §§ 5103, 5103A, 5107 (West 2002); 38 C.F.R. § 3.159 (2010); Pelegrini v. Principi, 18 Vet. App. 112 (2004); 73 Fed. Reg. 23,353 (Apr. 30, 2008).

Here, VA satisfied the duty to notify by means of correspondence dated in December 2006, May 2009, February 2010, and March 2011; rating decisions in March 2007, and July 2011; a statement of the case in March 2008; and supplemental statements of the case in June 2009 and November 2010. Those documents discussed specific evidence, particular legal requirements applicable to the claim, evidence considered, pertinent laws and regulations, and reasons for the decision. VA made all efforts to notify and to assist the appellant with evidence obtained, the evidence needed, and the responsibilities of the parties in obtaining the evidence. The Board finds that any defect of timing or content of the notice to the appellant is harmless because of the thorough and informative notices provided throughout the adjudication and because the appellant had a meaningful opportunity to participate effectively in the processing of the claim with an adjudication of the claim by the RO subsequent to the claimant's receipt of compliant notice. There has been no prejudice to the appellant, and any defect in the timing or content of the notices has not affected the fairness of the adjudication. Mayfield v. Nicholson, 19 Vet. App. 103 (2005), rev'd on other grounds, 444 F.3d 1328 (Fed. Cir. 2006) (specifically declining to address harmless error doctrine); Dingess v. Nicholson, 19 Vet. App. 473 (2006). 

Thus, VA has satisfied its duty to notify the appellant and had satisfied that duty prior to the final adjudication in the July 2011 supplemental statement of the case. A statement of the case or supplemental statement of the case can constitute a readjudication decision that complies with all applicable due process and notification requirements if adequate notice is provided prior to that adjudication. Mayfield v. Nicholson, 499 F.3d 1317 (Fed. Cir. 2007). The provision of adequate notice prior to a readjudication, including in a statement of the case or supplemental statement of the case, cures any timing defect associated with inadequate notice or the lack of notice prior to the initial adjudication. Prickett v. Nicholson, 20 Vet. App. 370 (2006).

In addition, all relevant, identified, and available evidence has been obtained, and VA has notified the appellant of any evidence that could not be obtained. The Veteran has not referred to any additional, unobtained, relevant, or available evidence. VA has also obtained medical examinations in relation to the claim. Thus, the Board finds that VA has satisfied both the notice and duty to assist provisions of the law. Furthermore, the Board finds that if there is any deficiency in the notice to the Veteran or the timing of the notice it is harmless error because the appellant had a meaningful opportunity to participate effectively in the processing of the claim. Overton v. Nicholson, 20 Vet. App. 427 (2006) (Board erred in relying on various post-decisional documents for concluding adequate notice was provided, but the Veteran was afforded a meaningful opportunity to participate effectively in the adjudication of his claim, and therefore the error was harmless).

General Rating Principles

A disability rating is determined by the application of VA's Schedule for Rating Disabilities. 38 C.F.R. Part 4. Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7 (2010). The Board will consider whether separate ratings may be assigned for separate periods of time based on the facts found. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007).

The rating for hearing loss is determined under the criteria in 38 C.F.R. §§ 4.85 and 4.86. The Rating Schedule provides a table (Table VI) to determine a Roman numeral designation (I through XI) for hearing impairment, based on puretone thresholds and controlled speech discrimination testing using the Maryland CNC test. Table VII is used to determine the rating assigned by combining the Roman numeral designations for hearing impairment of each ear. 38 C.F.R. § 4.85 (2010). 

The puretone threshold average as used in Tables VI, is the sum of the puretone thresholds at 1000, 2000, 3000, and 4000 Hertz, divided by four. That average is used to determine the Roman numeral designation for hearing impairment from Table VI or VIa. 38 C.F.R. § 4.85(d) (2010).

Ratings for hearing impairment are derived by the mechanical application of the criteria to the numeric designations assigned after audiometry evaluations are rendered. Lendenmann v. Principi, 3 Vet. App. 345 (1992). 

Where there is an exceptional pattern of hearing impairment as defined in 38 C.F.R. § 4.86, the rating may be based solely on puretone threshold testing. An exceptional pattern of hearing impairment occurs when the puretone thresholds in each of the four frequencies 1000, 2000, 3000, and 4000 Hertz are 55 decibels or greater or when the puretone threshold at 1000 Hertz is 30 decibels or less, and the threshold at 2000 Hertz is 70 decibels or more. 38 C.F.R. § 4.86 (2010). However, the exceptional patterns of hearing impairment are not shown here and those criteria are not applicable.

The Veteran contends that he in entitled to increased disability ratings for bilateral hearing loss because his hearing has worsened and has become increasingly disabling. Specifically, he seeks a compensable disability rating from July 24, 2006 to January 14, 2009, and a rating higher than 30 percent thereafter.

From July 24, 2006 to January 14, 2009, the Veteran's bilateral hearing loss disability was rated as noncomepnsably disabling. The evidence of record for that period includes a VA examination report dated in January 2007. At that time, the puretone thresholds in decibels at the tested frequencies of 1000, 2000, 3000, and 4000 Hertz in the right ear were 30, 40, 50, and 70; and in the left ear were 35, 45, 55, and 65. The puretone threshold average in the right ear was 47 and the average in the left ear was 50. Speech discrimination bilaterally was 84 percent.

Applying the results to Table VI, the findings of the VA examination yield a numerical designation of II for the right ear. The findings of the VA examination yield a numerical designation of II for the left ear. 38 C.F.R. § 4.85 (2010).

Applying the results from Table VI, entering the numeral designations of II for the right ear and II for the left ear to Table VII yields a disability rating of 0 percent under Diagnostic Code 6100. Therefore, the Board finds that a compensable rating was not warranted based on that examination. 38 C.F.R. § 4.85 (2010).

The Veteran submitted a January 2009 private audiological report. The audiologist provided puretone testing and recorded the findings in a graph, and in February 2011 the Board remanded the case for clarification from the private clinician to interpret the audiograph results and to determine whether the Maryland CNC speech determination test was used. In July 2011, the private audiologist reported that the Northwestern University Auditory Test #6 was used to determine the Veteran's speech discrimination scores, which tested at 64 percent unaided. The clinician reported that the puretone thresholds in decibels at the tested frequencies of 1000, 2000, 3000, and 4000 Hertz in the right ear were 40, 50, 55, and 70; and in the left ear 45, 60, 65, and 70. The puretone threshold average in the right ear was 54 and the average in the left ear was 60. 

The RO applied those results to Table VI, and determined that private audiological findings yield a numerical designation of VI for the right ear, and a numerical designation of VI for the left ear. 38 C.F.R. § 4.85 (2010).

Applying the results from Table VI, entering the numeral designations of VI for the right ear and VI for the left ear to Table VII yields a disability rating of 30 percent under Diagnostic Code 6100. Based on these findings, in a July 2011 rating decision, the RO increased the Veteran's disability rating for bilateral hearing loss to 30 percent, effective January 14, 2009. The Board finds that a rating higher than 30 percent effective January 14, 2009, is not warranted based on that examination. 38 C.F.R. § 4.85 (2010).

Also of record, is a VA examination report dated in April 2010. At that time, the puretone thresholds in decibels at the tested frequencies of 1000, 2000, 3000, and 4000 Hertz in the right ear were 30, 45, 60, and 75; and in the left ear 45, 55, 65, and 70. The puretone threshold average in the right ear was 53 and the average in the left ear was 59. Speech discrimination was 84 percent in the right ear, and 82 percent in the left ear.

Applying the results to Table VI, the findings of the VA examination yield a numerical designation of II for the right ear. The findings of the VA examination yield a numerical designation of IV for the left ear. 38 C.F.R. § 4.85 (2010).

Applying the results from Table VI, entering the numeral designations of II for the right ear and IV for the left ear to Table IV yields a disability rating of 0 percent under Diagnostic Code 6100. Therefore, the Board finds that a rating higher than 30 percent is not warranted based on that examination. 38 C.F.R. § 4.85 (2010).

Audiological testing during the period on appeal did not show that the pure tone threshold at each of the four specified frequencies 1000, 2000, 3000, and 4000 Hertz to be 55 decibels or more, nor the puretone threshold at 30 decibels or less at 1000 Hertz and 70 decibels or more at 2000 Hertz, thus an exceptional pattern of hearing impairment is not shown. 38 C.F.R. § 4.86 (2010).

The Board acknowledges the Veteran's contentions regarding impact of his hearing loss on his daily activities, and VA's obligation to resolve all reasonable doubt in the Veteran's favor. However, because assignment of disability ratings for hearing impairment are derived by a mechanical application of the rating schedule to the numeric designations assigned after audiometry evaluations are rendered there is no doubt as to the proper evaluation to assign. Lendenmann v. Principi, 3 Vet. App. 345 (1992); 38 C.F.R. § 4.85, Diagnostic Code 6100, Tables VI, VIA, VII, (2010). Applying the audiological test results most favorable to the Veteran to the regulatory criteria, the Board is compelled to conclude that the preponderance of the evidence is against entitlement to a compensable rating for bilateral hearing loss disability from July 24, 2006 to January 14, 2009, and a rating higher than 30 percent thereafter. Thus, there is no reasonable doubt to be resolved. The Veteran may always advance an increased rating claim if the severity of his hearing loss disability should increase in the future.

The Board finds that the preponderance of the evidence is against the assignment of a compensable schedular rating for bilateral hearing loss from July 24, 2006 to January 14, 2009, and a rating higher than 30 percent effective January 14, 2009, and the claim for increased ratings is denied. 38 U.S.C.A. § 5107(b) (West 2002); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Extraschedular Ratings

Although the Board is precluded by regulation from assigning an extraschedular rating in the first instance, the Board is not precluded from considering whether the case should be referred to the Director of VA's Compensation and Pension Service for a rating. The threshold factor for extraschedular consideration is a finding that the evidence presents such an exceptional disability picture that the available schedular ratings for that service-connected disability are inadequate. That is accomplished by comparing the level of severity and symptomatology of the service-connected disability with the established criteria. 38 C.F.R. § 3.321(b)(1) (2010).

If the criteria reasonably describe the Veteran's disability level and symptomatology, then the disability picture is contemplated by the Rating Schedule, and the assigned schedular evaluation is adequate; and referral for an extraschedular rating is not required. Thun v. Peake, 22 Vet. App. 111 (2008).

Here, the rating criteria for the Veteran's service-connected bilateral hearing loss, reasonably describe the Veteran's disability level and symptomatology, and provide for higher ratings for additional or more severe symptoms, which have not been shown. The medical evidence does not show that the Veteran's bilateral hearing loss is productive of total occupational impairment, and the evidence does not show that that the disorder causes unusual factors such as marked interference in employment or frequent hospitalizations beyond that contemplated by the rating schedule. Therefore the Board finds that the disability picture is contemplated by the Rating Schedule, and the assigned schedular ratings are adequate. Consequently, referral for extraschedular consideration is not required under 38 C.F.R. § 3.321(b)(1) (2010).


ORDER

Entitlement to a compensable evaluation for bilateral hearing loss from July 24, 2006, to January 14, 2009, is denied.

Entitlement to an evaluation in excess of 30 percent for bilateral hearing loss effective January 14, 2009, is denied.



____________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs