Citation Nr: 1229623 
Decision Date: 08/28/12 Archive Date: 09/05/12

DOCKET NO. 11-12 664 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUE

Whether the Veteran's income is excessive for the purpose of payment of Department of Veterans Affairs nonservice-connected special monthly pension benefits. 


REPRESENTATION

Veteran represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

Debbie A. Breitbeil, Counsel









INTRODUCTION

The Veteran, who is the appellant, served on active duty from June 1948 to June 1952. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of a January 2010 decision of the Pension Maintenance Center at a Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota. 

In April 2011, the Veteran requested a hearing at the RO before a Veterans Law Judge. In April 2012, he was notified of a hearing scheduled in May 2012, but he did not appear for the hearing before the Board and did not provide a reason for his failure to appear. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2011). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDINGS OF FACT

1. The Veteran's countable income for VA purposes of $26,231 in 2010 has exceeded the applicable income limits for that period for the receipt of special monthly pension benefits. 

2. The Veteran's countable income for VA purposes of $21,042 in 2011 is not in excess of the applicable income limits for that period for the receipt of special monthly pension benefits. 





CONCLUSIONS OF LAW

1. The Veteran's countable income is excessive for receipt of VA nonservice-connected special monthly pension benefits for 2010. 38 U.S.C.A. §§ 1521, 1522 (West 2002); 38 C.F.R. §§ 3.23, 3.271, 3.272 (2011). 

2. The Veteran's countable income is not excessive for receipt of VA nonservice-connected special monthly pension benefits for 2011. 38 U.S.C.A. §§ 1521, 1522 (West 2002); 38 C.F.R. §§ 3.23, 3.271, 3.272 (2011). 


The Veterans Claims Assistance Act of 2000 (VCAA)

The VCAA, codified in part at 38 U.S.C.A. §§ 5103, 5103A, and implemented in part at 38 C.F.R § 3.159, amended VA's duties to notify and to assist a claimant in developing information and evidence necessary to substantiate a claim. 

Duty to Notify

Under 38 U.S.C.A. § 5103(a), VA must notify the claimant of the information and evidence not of record that is necessary to substantiate the claim, which information and evidence VA will obtain, and which information and evidence the claimant is expected to provide. 

Also, the VCAA notice requirements apply to all five elements of a service connection claim. The five elements are: 1) veteran status; 2) existence of a disability; (3) a connection between the veteran's service and the disability; 4) degree of disability; and 5) effective date of the disability. Dingess v. Nicholson, 19 Vet. App. 473 (2006). 





The VCAA notice, as required by 38 U.S.C.A. § 5103(a), must be provided to a claimant before the initial unfavorable adjudication by the RO. Pelegrini v. Principi, 18 Vet. App. 112 (2004). 

The RO provided essentially post-adjudication VCAA notice by letters, dated in January 2010 and May 2010, at the time his claim was denied. The Veteran was notified of the type of evidence necessary to substantiate the claim for nonservice-connected pension benefits, namely, evidence of total and permanent disability in a wartime veteran who was discharged under other than dishonorable conditions and evidence showing that his income and net worth are below the maximum allowable limits set by law. The Veteran was notified that VA would adjudicate his claim based on evidence received from him concerning his net worth, income, and medical expenses, and he was furnished various VA forms for reporting such information. The notice did not specifically include the provisions for the degree of disability assignable and the effective date of the claim. 

As for content of the VCAA notice, the documents complied with the specificity requirements of Quartuccio v. Principi, 16 Vet. App. 183 (2002) (identifying evidence to substantiate a claim and the relative duties of VA and the claimant to obtain evidence); of Charles v. Principi, 16 Vet. App. 370 (2002) (identifying the document that satisfies VCAA notice); and of Dingess v. Nicholson, 19 Vet. App. 473 (notice of the elements of the claim, except for the degree of disability assignable and the effective date of the claim). 

To the extent that the VCAA notice was provided after the initial adjudication, the timing of the notice did not comply with the requirement that the notice must precede the adjudication. The procedural defect was cured as after the RO provided the content-complying VCAA notice, the claim was readjudicated as evidenced by the statement of the case, dated in October 2010, and the supplemental statement of the case, dated in June 2011. Mayfield v. Nicholson, 499 F.3d 1317 (Fed. Cir. 2007) (Timing error cured by adequate VCAA notice and subsequent readjudication without resorting to prejudicial error analysis.). 


To the extent that the VCAA notice did not provide notice of provisions regarding the degree of disability assignable and the effective date of the claim, such deficiency is not prejudicial to the Veteran. The degree of disability assignable is not applicable in a case such as this where the issue is whether the Veteran's countable income is excessive for payment of VA pension. As for effective date of the claim, the Board finds that the deficiency in notice is harmless and without prejudice to the Veteran. He has not been deprived of the information needed to substantiate his claim. In the circumstances of this case, a remand would serve no useful purpose. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991) (strict adherence to requirements in the law does not dictate an unquestioning, blind adherence in the face of overwhelming evidence in support of the result in a particular case; such adherence would result in unnecessarily imposing additional burdens on VA with no benefit flowing to the claimant); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994) (remands which would only result in unnecessarily imposing additional burdens on VA with no benefit flowing to the claimant are to be avoided). 

Duty to Assist

Further, under 38 U.S.C.A. § 5103A, VA made reasonable efforts to assist the claimant in obtaining evidence necessary to substantiate the claim for nonservice-connected special monthly pension benefits. The RO has provided the Veteran with the opportunity to testify at a hearing before a Veterans Law Judge in May 2012, but he did not appear for the hearing. 

The RO has also obtained the pertinent service personnel records and requested the Veteran to furnish information concerning his income and his unreimbursed medical expenses. Over the course of the appeal, the Veteran submitted various medical bills and statements concerning his income, assets, and medical expenses; he has not identified any pertinent evidence for the RO to obtain on his behalf. 




As the decision regarding whether the Veteran's income is excessive for the purpose of payment of VA nonservice-connected special monthly pension benefits is not based on medical evidence but on income, net worth, and medical expense information, a medical examination or medical opinion is not required under 38 C.F.R. § 3.159(c)(4). 

As there is no indication of the existence of additional evidence to substantiate the claim, the Board concludes that the duty-to-assist provisions of the VCAA have been complied with. 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Legal Criteria

Disability pension will be paid to a veteran of a period of war who meets statutorily-defined service, net worth, and annual income requirements; and who is permanently and totally disabled from nonservice-connected disability not the result of willful misconduct. 38 U.S.C.A. §§ 1502, 1503, 1521. Pension is also payable to each veteran of a period of war who is 65 years of age or older and who meets the service requirements of 38 U.S.C.A. § 1521 and under the conditions (other than the permanent and total disability requirement) applicable to pension paid under that section. 38 U.S.C.A. § 1513. 

The purpose of VA pension benefits is to provide a subsistence income for veterans of a period of war who are totally disabled and who are otherwise unable to maintain a basic, minimal income level. Pension benefits are based upon total family income, and the amount of pension benefits is adjusted based upon the number of dependents the veteran supports. Recipients of pension income are required to report any changes in income and number or status of their dependents in a timely fashion. 38 U.S.C.A. §§ 1521, 1522. 



Under the law, the maximum annual rate of Improved (nonservice-connected) pension payable to a veteran varies according to the number of dependents. 38 U.S.C.A. §§ 1503, 1521; 38 C.F.R. §§ 3.3(a)(3), 3.23, 3.273. The rate of pension payable to an entitled payee is based on the amount of countable income received. Pension is payable at a specified annual maximum rate, which is reduced on a dollar for dollar basis by income on a 12-month annualized basis. 38 U.S.C.A. §§ 1503, 1521; 38 C.F.R. §§ 3.3, 3.23. 

The maximum annual rate of pension is established by statute every year and is reduced by the veteran's countable annual income. "Annual income" includes the veteran's own annual income, and, where applicable, the annual income of a dependent spouse and, with certain exceptions, the annual income of each child of the veteran in his custody or to whose support the veteran is reasonably contributing. 38 C.F.R. § 3.23(d)(4). 

Payments of any kind, from any source, shall be counted as income during the 12-month annualization period in which it was received unless it is specifically excluded by regulation. 38 C.F.R. §§ 3.271, 3.272. The maximum annual rates of improved pension are specified by statute in 38 U.S.C.A. § 1521, as increased from time to time under 38 U.S.C.A. § 5312. Each increase of the maximum annual rates of improved pension under 38 U.S.C.A. § 5312 is published in the "Notices"" section of the Federal Register. 38 C.F.R. § 3.23(a). 

As a general rule, all family income shall be counted in determining entitlement to pension, including the income received by a dependent spouse. The maximum annual rate of pension benefits for a veteran with one dependent (e.g., spouse) is $15,493, effective from December 1, 2009 and from December 1, 2010. 38 C.F.R. § 3.23(a)(3); see VA Adjudication Procedures Manual M21-1, Part I, Appendix B. The maximum annual rate of special monthly pension benefits (with aid and attendance) for a veteran with one dependent (e.g., spouse) is $23,396 effective from December 1, 2009 and December 1, 2010. Id. 



For purposes of calculating pension benefits, total income may be reduced by amounts equal to amounts paid by a veteran for unreimbursed medical expenses, to the extent that such amounts exceed five percent of the applicable maximum annual rate of pension for the veteran (including increased pension for family members but excluding increased pension because of need for aid and attendance or being housebound). 38 U.S.C.A. § 1503(a)(8); 38 C.F.R. § 3.272(g). Effective from December 1, 2009, those unreimbursed medical expenses in excess of $774, which is five percent of the maximum annual pension rate (that is, $15,493 because the pension rate on the basis of aid and attendance is not used for this calculation) may be used to reduce total income. 

Analysis

The Veteran asserts that he is entitled to special monthly pension benefits. He is a veteran who had honorable service during part of the Korean War era, having served from June 1948 to June 1952, and his age is over 65 years. 

From the Veteran's statements, particularly VA Form 21-526, Veteran's Application for Compensation and/or Pension, received in December 2009, and VA Form 21-0516-1, Improved Pension Eligibility Verification Report, dated in March 2010, it is shown that the Veteran has minimal assets and net worth. Therefore, he meets the requirements for pension benefits as pertaining to his military service, age, and net worth or lack thereof. 

The question presented here is whether the Veteran meets the annual income requirements for receipt of pension, specifically special monthly pension benefits because the RO in a June 2011 rating decision granted special monthly pension based on the Veteran's need for the aid and attendance of another effective in December 2009. 





As discussed below, it is the Board's judgment that based on the income and medical expense records available in the claims file the Veteran's countable income has exceeded the applicable income limits for receipt of nonservice-connected special monthly pension for 2010 but that his countable income does not exceed the income limits for receipt of special monthly pension for 2011. Continued entitlement to payment of special monthly pension beyond 2011 is subject to future consideration of income and unreimbursed medical expenses. 

In regard to total income, the income received for the Veteran and his wife is derived from two sources: Social Security Administration payments and retirement benefits, of which both are received on a monthly basis. 

Further, for the period considered in this appeal, that is, the years of 2010 and 2011, the income has remained static. Documentation obtained from the Social Security Administration indicates that effective from December 2009 and December 2010, the Veteran's monthly benefit is $477.50 (or $5,730 annually) and his wife's monthly benefit is $224.50 (or $2,694 annually). Thus, together the Veteran and his wife received $8,424 for each year. A document from TRS (Teacher Retirement System) verified in April 2011 that the Veteran was in receipt of monthly retirement benefits in the amount of $3,215 (or $38,580 annually), which does not include an insurance premium withheld monthly. Neither of the income sources for the Veteran and his wife is listed as a source that may be excluded from income in determining countable income for pension purposes. 38 C.F.R. § 3.272. 

Therefore, the Veteran's total annual income for the family of $47,004 ($8,424 from Social Security payments and $38,580 from TRS) exceeded the maximum annual special monthly pension (with aid and attendance) limit of $23,396 for a veteran with one dependent, effective December 1, 2009 and December 1, 2010. The Veteran has not furnished any additional information concerning his income. 





The law, however, provides that a claimant's countable income for pension purposes may be reduced by payment of unreimbursed medical expenses. In consideration of his medical expenses, the Veteran's countable annual income still exceeds the maximum annual limit of $23,396 for payment of special monthly pension for the year of 2010, but it does not exceed the annual limit for payment of pension for the year 2011. As will be explained, based on the information in the claims file the Veteran's unreimbursed medical expenses amounted to $20,773 in 2010 and $25,962 in 2011. 

The Veteran submitted his application (VA Form 21-526) for pension benefits on December 1, 2009, the date of his claim, which would also be the earliest effective date for the award of pension benefits (see 38 C.F.R. § 3.400) although commencement of the period of payment of benefits could begin no earlier than January 1, 2010 (see 38 C.F.R. § 3.31). 

The most complete listing of the Veteran's and his wife's unreimbursed medical expenses was furnished in April 2011, along with copies of canceled checks made out to a caregiver, statements of patient costs, and reports of medical equipment rentals. The Veteran also provided numerous payment receipts for eyeglasses, treatment from private physicians (Dr. Guillory, Dr. Alexander, Dr. Plotkin, and Dr. Lanka), oxygen refills, dermatological services, hospital treatment (at Mother Frances Hospital), pathology testing, and dental treatment. These expenses were itemized and shown to have been paid in 2010 and 2011. In addition to these expenses, the Veteran and his wife also paid monthly Medicare Part B premiums of $96.50 each (or $2,316 annually for both), as reflected on documents from the Social Security Administration, and private medical insurance in the monthly amount of $235 (or $2,820 annually), as reflected on the Veteran's TRS retirement benefits statement. The Medicare and private insurance expenses remained static through 2010 and 2011. 





In adding up all the unreimbursed medical expenses, the Veteran and his wife paid $21,547 in 2010 and $26,736 in 2011. In that regard, it is noted that the major medical expense was for caregiver services provided by the daughter of the Veteran and his wife, with whom they have a binding contract for such services (a copy of the agreement is in the file). Essentially, she is paid $1,800 per month for her services, as reflected in the copies of canceled checks over time. As the listing of unreimbursed medical expenses was submitted by the Veteran in April 2011, the monthly expenses for the caregiver was estimated to be $1,800 for the remainder of 2011 in order to calculate unreimbursed medical expenses for 2011. 

According to the Board's calculation, in considering unreimbursed medical expenses paid in the amount of $21,547 for the reporting year of 2010 and $26,736 for the reporting year of 2011, only those medical expense amounts that exceed five percent of the maximum annual rate of pension, however, may be used to reduce the Veteran's total income. 38 U.S.C.A. § 1503(a)(8); 38 C.F.R. § 3.272(g). 

Therefore, as noted in the legal criteria section above, those unreimbursed medical expenses in excess of $774 are used to reduce the Veteran's total income. In applying the five percent rule, the Veteran's medical expenses of $20,773 (that is, $21,547 minus $774) for the reporting year of 2010, and $25,962 ($26,736 minus $774) for the reporting year of 2011, are used to reduce the Veteran's total income. 

In reducing the Veteran's total income of $47,004 in each of the reporting years of 2010 and 2011, by his unreimbursed medical expenses for each of those years, his countable income for VA purposes is calculated to be $26,231 for 2010 and $21,042 for 2011. Thus, for the reporting year of 2010, the Veteran's countable income exceeds the maximum annual pension limit of $23,396 for receipt of pension benefits. However, for the reporting year of 2011, his countable income is not excessive for the receipt of pension benefits. According to the Board's calculation, he is $2,354 under the maximum pension limit for 2011. 




Because the evidence in this case shows that the Veteran's household income exceeded the income limits for purposes of payment of improved nonservice-connected special monthly pension for the period prior to 2011, the Veteran does not meet the eligibility requirements for pension. On the other hand, the evidence does show that the Veteran's income was not excessive for payment of pension for the reporting period beginning in 2011. The Board makes no finding as to the Veteran's entitlement to pension payments beyond 2011, as the Veteran must furnish evidence to support his continued entitlement to pension. 


ORDER

As the Veteran's income is excessive for the purpose of payment of VA nonservice-connected special monthly pension benefits in 2010, the appeal to that extent is denied. 

As the Veteran's income is not excessive for the purpose of payment of VA nonservice-connected special monthly pension benefits in 2011, the appeal to that extent is granted. 



____________________________________________
George E. Guido Jr.
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs