http://www.va.gov/vetapp16/Files3/1626404.txt

Citation Nr: 1626404 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 11-07 645 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana

THE ISSUE

Entitlement to a compensable disability rating for bilateral hearing loss.

REPRESENTATION

Appellant represented by: The American Legion

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

T. Azizi-Barcelo, Counsel

INTRODUCTION

The Veteran served on active duty from October 1970 to April 1972.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an August 2009 rating decision of a Department of Veterans Affairs Regional Office (RO). 

The Veteran testified before a Decision Review Officer (DRO) in December 2011. A transcript of the hearing is of record. 

The appeal was remanded in September 2015 for additional development, which has been completed. 

In a November 2015 rating decision, the Appeals Management Center granted service connection for residuals of left ear tympanic perforation , which had also been remanded in the September 2015 Board decision. As this was a full grant of the benefits sought on appeal with respect to this issue, it is no longer in appellate status. 

FINDING OF FACT

Throughout the pendency of the appeal the Veteran's bilateral hearing loss has been manifested by impairment of auditory acuity that is noncompensably disabling. 

CONCLUSION OF LAW

The criteria for a compensable evaluation for bilateral hearing loss are not met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 4.85, Diagnostic Code 6100, 4.86 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

Duty to Notify and Assist

Under the Veterans Claims Assistance Act of 2000 (VCAA) VA has a duty to notify and assist a claimant in the development of a claim. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2015).

The notice requirements of the VCAA require VA to notify a claimant of what information or evidence is necessary to substantiate the claim; what subset of the necessary information or evidence, if any, the claimant is to provide; and what subset of the necessary information or evidence, if any, the VA will attempt to obtain. 38 C.F.R. § 3.159(b) (2015). Here, VCAA notice was provided by correspondence in June 2009. The claim herein decided was last readjudicated in November 2015. 

Concerning the duty to assist, the record also reflects that VA has made reasonable efforts to obtain relevant records adequately identified by the Veteran including service treatment, post-service treatment records, and VA examination reports. 

The Veteran was afforded a hearing before a DRO, at which he presented oral testimony in support of his claim. In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the Court held that 38 C.F.R. § 3.103(c)(2) requires that the DRO who chairs a hearing explain the issues and suggest the submission of evidence that may have been overlooked. Here, the DRO identified the issue and the Veteran testified as to the symptomatology, treatment history, and functional impairment of his claimed condition, and the functional impact they cause. Neither the Veteran nor his representative has asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2) or identified any prejudice in the conduct of the hearing. The hearing focused on the elements necessary to substantiate the claim and the Veteran testified as to those elements. As such, the Board finds that there is no prejudice to the Veteran in deciding this case and that no further action pursuant to Bryant is necessary.

Based on a review of the record, the Board finds that there is no indication that any additional evidence relevant to the issue to be decided herein is available and not part of the claims file. See Mayfield v. Nicholson, 499 F.3d 1317 (Fed. Cir. 2007). Moreover, the Agency of Original Jurisdiction (AOJ) has substantially complied with the previous remand directives such that no further action is necessary in this regard. See D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (remand not required under Stegall v. West, 11 Vet. App. 268 (1998), where the Board's remand instructions were substantially complied with), aff'd, Dyment v. Principi, 287 F.3d 1377 (2002). Therefore, the Board finds that duty to notify and duty to assist have been satisfied and will proceed to the merits of the issues on appeal.

Higher Rating

The Veteran contends that he is entitled to a compensable disability rating for hearing loss. He reports difficulty understanding conversations, particularly in crowds, and trouble hearing soft voices such as whispers.

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (Rating Schedule) and are intended to represent the average impairment of earning capacity resulting from disability. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. Disabilities must be reviewed in relation to their history. 38 C.F.R. § 4.1. 

A claimant may experience multiple distinct degrees of disability that might result in different levels of compensation from the time the claim was filed until a final decision is made. Thus, separate ratings can be assigned for separate periods of time based on the facts found - a practice known as "staged" ratings. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007).

Evaluations of bilateral defective hearing range from noncompensable to 100 percent based on organic impairment of hearing acuity as measured by the results of controlled speech discrimination tests together with the average hearing threshold level as measured by pure tone audiometry tests in the frequencies 1000, 2000, 3000, and 4000 Hertz (Hz). To evaluate the degree of disability from bilateral service-connected defective hearing, the Rating Schedule establishes 11 auditory acuity levels designated from Level I for essentially normal hearing acuity through Level XI for profound deafness. 38 C.F.R. §§ 4.85, 4.86, Diagnostic Code 6100. The evaluation of hearing impairment applies a rather structured formula that is essentially a mechanical application of the rating schedule to numeric designations after audiology evaluations are rendered. Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992).

On VA audio examination in July 2009, the puretone thresholds in decibels at the tested frequencies of 1000, 2000, 3000, and 4000 Hz were 15, 35, 85, and 105 in the right ear; and in the left ear were 10, 65, 70, and 70. The puretone threshold average in the right ear was 60 decibels and the average in the left ear was 54 decibels. Speech discrimination was 92 percent in the right ear and 96 percent in the left ear.

For the right ear, the average pure tone threshold of 60 decibels, along with a speech discrimination percentage of 92 warrants a designation of Roman Numeral II under Table I of 38 C.F.R. § 4.85. For the left ear, the average pure tone threshold of 54 decibels, along with a speech percentage of 96 percent warrants a designation of Roman Numeral I under Table I of 38 C.F.R. § 4.85. Under Table VII of 38 C.F.R. § 4.85, where the right ear is Roman Numeral II, and the left ear is Roman Numberal I, the appropriate rating is 0 percent under DC 6100.

On VA audio examination in December 2011, the puretone thresholds in decibels at the tested frequencies of 1000, 2000, 3000, and 4000 Hz were 15, 30, 80 and 105 in the right ear; and in the left ear were 10, 65, 70, and 75. The puretone threshold average in the right ear was 58 decibels and the average in the left ear was 55 decibels. Speech discrimination was 88 percent in the right ear and 92 percent in the left ear.

Based on the results of this examination, for the right ear, the average pure tone threshold of 58 decibels, along with a speech discrimination percentage of 88 warrants a designation of Roman Numeral III under Table I of 38 C.F.R. § 4.85. For the left ear, the average pure tone threshold of 55 decibels, along with a speech percentage of 92 percent warrants a designation of Roman Numeral I under Table I of 38 C.F.R. § 4.85. Under Table VII of 38 C.F.R. § 4.85, where the right ear is Roman Numeral III, and the left ear is Roman Numberal I, the appropriate rating is 0 percent under DC 6100.

On VA audio examination in October 2015, the puretone thresholds in decibels at the tested frequencies of 1000, 2000, 3000, and 4000 Hz were 5, 25, 75, and 95 in the right ear; and in the left ear were 10, 65, 65, and 75. The puretone threshold average in the right ear was 50 decibels and the average in the left ear was 54 decibels. Speech discrimination was 94 percent in the right ear and 88 percent in the left ear.
 
Based on the results of this examination, for the right ear, the average pure tone threshold of 50 decibels, along with a speech discrimination percentage of 94 warrants a designation of Roman Numeral I under Table I of 38 C.F.R. § 4.85. For the left ear, the average pure tone threshold of 54 decibels, along with a speech percentage of 88 percent warrants a designation of Roman Numeral II under Table I of 38 C.F.R. § 4.85. Under Table VII of 38 C.F.R. § 4.85, where the right ear is Roman Numeral I, and the left ear is Roman Numberal II, the appropriate rating is 0 percent under DC 6100.

Although the severity of the Veteran's hearing loss appears to have fluctuated somewhat during the appeal period, at no time did he have hearing loss that met the criteria for the assignment of a compensable disability rating.

In reaching this finding, the Board has considered the written statements the Veteran submitted in support of his claim, and his testimony before the DRO in 2011. While the Board has considered this evidence in light of Martinak v. Nicholson, 21 Vet. App. 447, 455-56 (2007) and the provisions of 38 C.F.R. § 3.321(b)(1), the Board does not find that the Veteran has described functional effects that are "exceptional" or not otherwise contemplated by the assigned evaluations. Rather, his description of difficulties with hearing loss is consistent with the degree of disability addressed by the assigned evaluation.

The Board is sympathetic to the Veteran's contentions regarding the severity of his service-connected hearing loss. However, according to the audiometric test results, as compared to the rating criteria, the Board concludes that a compensable rating for hearing loss is not warranted.

As a final matter, the Veteran does not contend and the record does not suggest that he is unemployable due to his hearing loss. Accordingly, a claim for a total disability rating based on unemployability due to hearing loss has not been raised and no action pursuant to Rice v. Shinseki, 22 Vet. App. 447 (2009) is necessary.

In reaching the above conclusion, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable in the instant appeal. See 38 U.S.C.A. § 5107(b) (West 2014); Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-56 (1990).

ORDER

A compensable rating for hearing loss is denied.

____________________________________________
S. C. KREMBS
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs