http://www.va.gov/vetapp16/Files5/1639914.txt

Citation Nr: 1639914 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 10-29 598 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama

THE ISSUES

1. Entitlement to service connection for bilateral hearing loss.

2. Entitlement to service connection for a nerve disorder of the feet, claimed as peripheral neuropathy of the bilateral feet. 

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

Veteran

ATTORNEY FOR THE BOARD

B. Berry, Counsel

INTRODUCTION

The Veteran served on active duty from December 1978 to February 1980.

These matters come to the Board of Veterans' Appeals (Board) on appeal from a rating decision dated in October 2009 by the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina.

The Veteran testified during a hearing before the undersigned Veterans Law Judge in April 2012. A transcript of the hearing is of record.

The Board remanded these issues in December 2012 and April 2016 for further evidentiary development. The Appeals Management Center (AMC) continued the denial of the claims as reflected in the May 2016 supplemental statement of the case (SSOC) and returned these issues to the Board for further appellate consideration.

The electronic claims file shows that the Veteran perfected his appeal in a March 2012 substantive appeal with respect to the issue of entitlement to a disability rating in excess of 10 percent for service-connected right hallux valgus with Morton's neuroma. Thereafter, the RO provided the Veteran with a VA examination in July 2016 and mailed the Veteran a supplemental statement of the case in July 2016. The RO certified the appeal to the Board in September 2016. The Veterans Appeals Control and Locator System (VACOLS) shows that this issue has not been transferred to the Board and that the RO is still taking action on this issue. It appears that a travel Board hearing needs to be scheduled for this issue as requested in the March 2012 substantive appeal. As such, the Board will not accept jurisdiction over the claim at this time. If otherwise in order, the issue will be the subject of a subsequent Board decision.

The issue of entitlement to service connection for a nerve disorder of the feet is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).

FINDING OF FACT

The preponderance of the evidence shows that the Veteran's current bilateral hearing loss disability is not related to active military service.

CONCLUSION OF LAW

Bilateral hearing loss disability was not incurred in or aggravated by active military service, nor may it be presumed (as an organic disease of the nervous system) to have been so incurred or aggravated. 38 U.S.C.A. § 1131 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.385 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

I. Notice and Assistance

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his or her representative, if any, of any information and medical or lay evidence that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a)(West 2014); 38 C.F.R. § 3.159(b) (2015). In accordance with 38 C.F.R. § 3.159(b)(1), proper notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. Such notice should also address VA's practices in assigning disability evaluations and effective dates for those evaluations. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). While the required notice should be furnished prior to the issuance of the appealed rating decision, any initial errors of notice will not be prejudicial if: 1) corrective actions (e.g., issuance of a post-adjudication notice letter containing the required information) are taken, and 2) the appeal is readjudicated (e.g., in a Supplemental Statement of the Case). See Mayfield v. Nicholson, 499 F.3d 1317 (Fed. Cir. 2007). 

A July 2009 letter satisfied VA's duty to notify. In this regard, the letter advised the Veteran what information and evidence was needed to substantiate his service connection claim for hearing loss. The letter also notified the Veteran of how VA determines a disability rating and an effective date if his claims are granted. The Veteran was informed of his and VA's respective duties for obtaining evidence. The letter requested that he provide enough information for the RO to request records from any sources of information and evidence identified by the Veteran. 

The Veteran had an opportunity to testify at a personal hearing before the undersigned Veterans Law Judge (VLJ) in April 2012. In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. § 3.103(c)(2) (2015) requires that the VLJ who chairs a hearing fulfill two duties to comply with the above regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. In this case, the VLJ informed the Veteran that in order to substantiate his service connection claim for hearing loss the evidence must show he has a current disability and that it is somehow related to service. See April 2012 Hearing Transcript at 14. He also informed the Veteran that a medical opinion addressing this aspect would be helpful. Accordingly, the VLJ complied with the duties set forth in 38 C.F.R. § 3.103(c)(2).

VA also has a duty to assist the Veteran with the development of facts pertinent to the appeal. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). This duty includes the obtaining of "relevant" records in the custody of a Federal department or agency under 38 C.F.R. § 3.159(c)(2), as well as records not in Federal custody (e.g., private medical records) under 38 C.F.R. § 3.159(c)(1). VA will also provide a medical examination if such examination is determined to be "necessary" to decide the claim. 38 C.F.R. § 3.159(c)(4).

In this case, VA has fulfilled its duty to assist the Veteran in making reasonable efforts to identify and obtain relevant records in support of the Veteran's claims. The claims file contains the Veteran's service treatment records, VA treatment records, private treatment records, a VA examination dated in April 2013, lay statements, and a transcript of the April 2012 Board hearing.

The April 2013 VA audiological examination report reflects that the examiner conducted a review of the Veteran's claims file in addition to obtaining an oral history from the Veteran and evaluating the Veteran. The examiner discussed the relevant evidence of record and provided a diagnosis of bilateral hearing loss. The examiner provided a medical opinion with a clear explanation in support of such opinion. Accordingly, the Board finds that the April 2013 VA examination is adequate for adjudication purposes.

This issue was remanded in December 2012 to obtain any outstanding VA treatment records and to provide the Veteran with a VA examination. VA treatment records from May 2010 to May 2013 were associated with the claims file. A VA examination report dated in April 2013 was also associated with the claims file. The examiner addressed the issues raised in the remand directives. Thereafter, the Board remanded the claim in April 2016 to obtain outstanding Social Security disability records. The claims file shows that the Veteran's Social Security disability records were uploaded into the Veteran's electronic claims file in May 2016. Accordingly, there has been substantial compliance with the December 2012 and April 2016 remand directives. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

The Veteran has not identified, and the record does not otherwise indicate, any other existing, pertinent evidence that has not been obtained. The record also presents no basis for further development to create any additional evidence to be considered in connection with the matter currently under consideration. 

Under these circumstances, the Board finds that the Veteran is not prejudiced by appellate consideration of the claim on appeal at this juncture, without directing or accomplishing any additional notification and/or development action.
II. Merits of the Claim for Service Connection

The Veteran contends that he currently has bilateral hearing loss that is related to acoustic trauma in military service. Specifically, he asserts that he experienced acoustic trauma from exposure to loud noise while working on the flight line during service.

Establishing service connection generally requires medical evidence or, in certain circumstances, lay evidence of the following: (1) A current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) nexus between the claimed in-service disease and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed.Cir.2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed.Cir.2007); Hickson v. West, 12 Vet. App. 247 (1999); Caluza v. Brown, 7 Vet. App. 498 (1995), aff'd per curiam, 78 F.3d 604 (Fed.Cir.1996) (table). Pursuant to 38 C.F.R. § 3.303(b), a claimant may establish the second and third elements by demonstrating continuity of symptomatology for specific chronic disabilities listed in 38 C.F.R. § 3.309(a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

In assessing the Veteran's service connection claim for hearing loss, the Board must first determine whether the Veteran has a current hearing loss disability under VA regulations. Hearing loss disability is determined for VA purposes using the criteria provided under 38 C.F.R. § 3.385. An April 2013 VA audiology examination report shows auditory thresholds of 40 decibels (dB) or higher in at least one of the required frequencies for both ears. The examiner determined that the Veteran had sensorineural hearing loss from 500 to 4000 in both ears. Thus, the evidence of record reveals that the Veteran has a current bilateral hearing loss disability.

The Veteran contends that he injured his ears in military service due to loud noise exposure while working on the flight line in service. The Veteran's DD Form 214 reflects that his military occupational specialty (MOS) during service was aircraft support specialist. In a case where a veteran is seeking service connection for any disability, due consideration must be given to the places, types, and circumstances of the veteran's service. 38 U.S.C.A. § 1154(a) (West 2014). As an aircraft life support specialist, exposure to loud noise while working on the flight line would be consistent with the type and circumstances of the Veteran's service. Accordingly, the Veteran's history of in-service acoustic trauma is credible. 

Nonetheless, injury during service does not, by itself, warrant service connection. Rather, there must be competent evidence that the Veteran has a current disability that was incurred in service. 38 C.F.R. § 3.303. The Veteran's service treatment records do not reveal that the Veteran had any complaints of or was diagnosed with hearing loss during active military service. The Veteran denied hearing loss in a December 1979 Report of Medical History. The December 1979 separation examination documents that the Veteran's puretone thresholds were all below 20 db from 500 Hz to 4000 Hz indicating that his hearing in the both ears was normal. See Hensley v. Brown, 5 Vet. App. 155, 155 (1993) citing MEDICAL DIAGNOSIS & TREATMENT 110-11 (Stephen A. Schroeder et al. eds., 1988) (holding that the threshold for normal hearing is from 0 to 20 decibels, and that threshold levels above 20 decibels indicate at least some degree of hearing loss). Thus, there is no evidence of a hearing loss disability during military service. 

Sensorineural hearing loss (as an organic disease of the nervous system) may be presumed to have been incurred in service if it manifested to a compensable degree within one year of discharge from service. 38 U.S.C.A. § 1112 (West 2014); 38 C.F.R. §§ 3.307, 3.309(a) (2015). There is no evidence that the Veteran was diagnosed with bilateral sensorineural hearing loss within one year after discharge from active military service. Therefore, the Veteran's bilateral hearing loss disability is not presumed to have been incurred in active military service. 

The Board notes that the Veteran does not contend and the evidence does not show that he had a continuity of symptomatology of hearing loss since service. See April 2012 Hearing Transcript at 3 (first noticed hearing loss after service). Accordingly, the threshold question is whether there is sufficient medical evidence to establish an etiological link between the Veteran's current hearing loss disability and his active military service. The VA examiner in April 2013 determined that the Veteran's bilateral hearing loss is not at least as likely as not caused by or a result of an event in military service. She explained that the Veteran's 1978 enlistment physical and his 39-10 physical were compared and a worsening significant threshold shift in hearing was not seen in either ear. Based on the absence of a worsening significant threshold shift in hearing during the Veteran's military service, the Veteran's bilateral hearing loss is less likely as not related to or caused by his military noise exposure. Furthermore, the record does not contain any competent medical evidence or opinion that would indicate the Veteran's bilateral hearing loss is related to the loud noise exposure in service. 

The Board acknowledges that the Veteran provided a lay opinion that his bilateral hearing loss is related active military service. While the Veteran is competent to report observable symptoms such as difficulty hearing, in this case, determining the etiology of his post-service symptoms and diagnosis of sensorineural hearing loss requires medical expertise. See Kahana v. Shinseki, 24 Vet. App. 428 (2011). Thus, the lay statements from the Veteran asserting that his bilateral hearing loss is related to noise exposure in service is of low probative value.

As the evidence of record does not establish a relationship between the Veteran's current hearing loss and his period of active military service, the Board finds that the preponderance of the evidence weighs against the claim and service connection for bilateral hearing loss is not warranted. In reaching this conclusion, the Board notes that under the provisions of 38 U.S.C.A. § 5107(b), the benefit of the doubt is to be resolved in the claimant's favor in cases where there is an approximate balance of positive and negative evidence in regard to a material issue.

ORDER

Entitlement to service connection for bilateral hearing loss is denied. 

REMAND

With respect to the Veteran's service connection claim for a nerve disorder of the feet (claimed as peripheral neuropathy of the bilateral feet), the Board remanded the claim in April 2016 to provide the Veteran with another VA examination and to obtain a medical opinion that addresses whether the Veteran's nerve disorder of the feet was secondary to his service-connected hallux valgus Morton's neuroma, specifically regarding the issue of aggravation. The Veteran was provided with a VA examination in May 2016. The examiner provided an opinion with a clear explanation with respect to the issue of whether the Veteran's nerve disorder of the feet was related to active military service. The examiner also provided the opinion that the Veteran's hallux valgus and Morton neuroma are unlikely to have caused or aggravated his lower extremity neuropathy. She noted that the cause of the Veteran's peripheral neuropathy is unknown, but is more likely attributed to his street drug use or his rheumatoid arthritis as a risk factor. She explained that the Morton's neuroma involves one nerve and would not cause polyneuropathy. Unfortunately, the examiner did not provide an explanation or rationale in support of her opinion that the Veteran's hallux valgus and Morton neuroma are unlikely to have aggravated his lower extremity neuropathy as requested by the Board in the April 2016 remand directive. Furthermore, the probative value of a medical opinion comes from when it is factually accurate, fully articulated, and sound reasoning for the conclusion, not the mere fact that the claims file was reviewed. Nieves- Rodriguez v. Peake, 22 Vet. App. 295 (2008). Thus, the Veteran should be provided with a new VA examination and medical opinion.

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and elicit from him the appropriate information and consent, if necessary, to obtain any outstanding VA and/or private treatment records with respect to his bilateral hearing loss. After securing the information and appropriate consent from the Veteran, if necessary, VA should attempt to obtain any such treatment records that have not previously been associated with the Veteran's VA claims folder. 

2. After the above has been accomplished and any outstanding evidence has been associated with the claims file, schedule the Veteran for a VA examination with respect to his service connection claim for neuropathy of the bilateral feet. The claims file, including a copy of this remand, must be made available to the examiner for review, and the examiner should indicate that the claims folder was reviewed in connection with the examination. All indicated evaluations, studies, and tests deemed necessary by the examiner should be accomplished. The examiner is requested to review all pertinent records associated with the claims file and offer an opinion as to whether any neuropathy of the bilateral feet found on examination or in the claims file (to include the diagnosis of diabetic neuropathy) is at least as likely as not (i.e., a fifty percent or greater probability) caused by or aggravated (chronically worsened) by the Veteran's service-connected bilateral hallux valgus with Morton's neuroma. 

The examiner should provide a complete explanation for all conclusions reached and the foundation for all conclusions should be clearly set forth. Specifically, the examiner must provide an explanation in support of his or her opinion with respect to whether the nerve disorder of the feet is aggravated by his service-connected bilateral hallux valgus with Morton's neuroma.

3. Upon completion of the foregoing, readjudicate the Veteran's claim based on a review of the entire evidentiary record. If the benefit sought on appeal remains denied, provide the Veteran and his representative with a supplemental statement of the case and the opportunity to respond thereto. Thereafter, subject to current appellate procedure, the case should be returned to the Board for further consideration, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
MILO H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs