http://www.va.gov/vetapp16/Files6/1644944.txt

Citation Nr: 1644944 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 12-23 722 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi

THE ISSUE

Entitlement to service connection for a lumbar spine disability, characterized as low back pain with degenerative disc disease/degenerative joint disease of the lumbar spine.

REPRESENTATION

Appellant represented by: The American Legion

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

T. Azizi-Barcelo, Counsel

INTRODUCTION

The Veteran served on active duty from February 1967 to April 1969.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a November 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi.

The Veteran testified before the undersigned Veterans Law Judge in July 2014. A transcript of the proceeding is associated with the Veteran's Virtual VA claims file. 

In February 2015 the Board remanded the appeal for additional development, which has been completed. The Board finds that the Agency of Original Jurisdiction (AOJ) complied with the remand directives and an additional remand is unnecessary pursuant to the holding in Stegall v. West, 11 Vet. App. 268 (1998).

Since the issuance of the supplemental statement of the case in July 2015, additional evidence was associated with the claims file, without a waiver of the right to have the additional evidence reviewed by the AOJ. The additional evidence is duplicative of evidence already of record, and it does not have a bearing on the appellate issue, as it does not provide competent medical evidence of a nexus between the Veteran's claimed disability and service. Therefore, the Board finds that referral of the additional evidence to the AOJ for initial consideration is not warranted. 38 C.F.R. § 20.1304 (c) (2015).

FINDINGS OF FACT

A chronic back disability was not shown in service or for several years thereafter, and is not otherwise the result of a disease or injury incurred in service.

CONCLUSION OF LAW

The criteria for establishing service connection for a lumbar spine disability, characterized as low back pain with degenerative disc disease/degenerative joint disease of the lumbar spine, have not been met. 38 U.S.C.A. §§ 1110, 1112, 1137, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2016).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duty to Notify and Assist

VA has a duty to notify and assist a claimant in the development of a claim. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2015). VA must notify a claimant of what information or evidence is necessary to substantiate the claim; what information or evidence, if any, the claimant is to provide; and what information or evidence, if any, the VA will attempt to obtain. 38 C.F.R. § 3.159(b) (2015). Here, notice was provided by correspondence in October 2009 and August 2010. The claim was last readjudicated in July 2015. 

Concerning the duty to assist, the record also reflects that VA has made reasonable efforts to obtain relevant records adequately identified by the Veteran including service treatment and personnel records and post-service treatment records. The Veteran has not identified any available, outstanding records that are relevant to the claims decided herein. Additionally, VA examination and opinion reports were obtained. Based on a review of the record, the Board finds that there is no indication that any additional evidence relevant to the issues to be decided herein is available and not part of the claims file. See Mayfield v. Nicholson, 499 F.3d 1317 (Fed. Cir. 2007). Moreover, the AOJ has substantially complied with the previous remand directives such that no further action is necessary in this regard. See D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (remand not required under Stegall v. West, 11 Vet. App. 268 (1998), where the Board's remand instructions were substantially complied with), aff'd, Dyment v. Principi, 287 F.3d 1377 (2002). Therefore, the Board finds that duty to notify and duty to assist have been satisfied and will proceed to the merits of the issue on appeal.

Service Connection

Service connection may be established for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. Evidence of continuity of symptomatology from the time of service until the present is required where the chronicity of a chronic disorder manifested during service either has not been established or might reasonably be questioned. 38 C.F.R. § 3.303(b); see also Walker v. Shinseki, 708 F.3d 1331, 1340 (Fed.Cir.2013) (holding that only conditions listed as chronic diseases in § 3.309(a) may be considered for service connection under 38 C.F.R. § 3.303(b) (2016). Regulations also provide that service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d).

Generally, in order to prove service connection, there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Pond v. West, 12 Vet. App. 341 (1999). 

Moreover, where a Veteran served continuously for ninety (90) days or more during a period of war, or during peacetime service after December 31, 1946, and arthritis becomes manifest to a degree of 10 percent or more within one year from date of termination of such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. This presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137 (West 2014); 38 C.F.R. §§ 3.307, 3.309 (2016). 

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under the laws administered by VA. VA shall consider all information and medical and lay evidence of record. Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

The Veteran contends that he has suffered from chronic lower back pain since service. He also contends that his lower back pain was worsened when he was in a car accident during service in December 1968.

The evidence of record shows that the Veteran has been diagnosed with a lumbar spine disability. Specifically, on VA examination in June 2015 the examiner diagnosed degenerative joint and disc disease of the lumbar spine. Accordingly, the first element of service connection, a current disability, is met. 

The Veteran's MOS was a Cargo Handler. His service treatment records show that he complained of back pain several times during service in April, June, and July of 1968 before being in a car accident in December 1968. In April 1968, he reported that he felt a "catch" in the small of his back when walking and lifting objects. In June 1968, he was diagnosed with an L5 lumbar strain, and was "counseled regarding lifting heavy objects." 

After his car accident in December 1968, the Veteran was treated for three days at a civilian hospital, and then moved to the military hospital where he was stationed for further treatment. The Veteran was not found at fault for the accident. The investigation report shows that the Veteran was driving along a highway when he collided headfirst with another car that was driving in his lane. At his separation physical in January 1969, the medical examiner noted back pain, pulled muscle, with occasional pain, and in Report of Medical History the Veteran endorsed a history of recurrent back pain. The Veteran's spine was clinically evaluated as normal. 

After service, a July 1990 VA imaging study revealed L5-S1 disc disease with Schmorl's node at L4. Thereafter, VA treatment records starting in 2006 document ongoing treatment for low back pain. A February 2006 medical report noted a history of a back injury incurred more than 30 years earlier during active duty. He related onset of intermittent low back pain since that time. The Veteran denied any recent injury to the back. Imaging studies at that time revealed degenerative changes of the spine. 

As the Veteran's spine was clinically evaluated as normal at the time of his separation from service, x-rays in March 1969 were negative, and there is no clinical evidence of disability shown for many years after service, the Board finds that a chronic back disorder was not shown in service, and arthritis was not shown in service or within one year following discharge from service. The service treatment records lack the combination of manifestations sufficient to identify a chronic lumbar spine disability as distinguished from merely isolated findings. The Board finds that the service treatment records lack sufficient observation or even notation to establish any disability onset in service. Accordingly, competent evidence linking the current disabilities to service is needed to substantiate the claim. 

The Veteran was afforded a VA examination in May 2010. He reported onset of intermittent low back pain following a motor vehicle accident in 1967 during service. The claims file was not made available for the examiner's review. The examiner found marked degenerative disc disease of the L4-S1, and diagnosed degenerative joint disease of the lumbar spine with no objective findings of radiculopathy. Mild functional limitations was noted. The examiner provided no opinion as to the etiology of the Veteran's chronic back pain.

In an addendum opinion report in August 2010, the examiner noted that service treatment records noted several complaints of back pain starting in April 1968 with history of intermittent back pain for approximately four months. The Veteran was diagnosed with a lumbar strain and treated with medications. He again reported treatment for back strain in July 1968 and was diagnosed with lumbar strain. The Veteran was involved in his motor vehicle accident in December 1968. He was seen again for complaints of persistent back pain in March 1969. At that time x-rays were negative for any abnormality and again he was diagnosed with lumbar strain. The examiner noted that the lumbar strain was acute in nature and would generally resolve without residuals. The examiner noted that conditioning, developmental disorders, body habitus and activity, played a role in these episodes, which were myofascial and not the same as degenerative spine condition, as was currently shown. The examiner further noted that degenerative disc disease was attributable to the natural progression of aging. Accordingly, the examiner opined that the Veteran's degenerative disc disease was not related to or caused by his military service more than 41 years ago.

On VA examination in June 2015, the examiner noted a diagnosis of degenerative joint and disc disease of the lumbar spine with right lower extremity radiculopathy, diagnosed in 1990 and 2013. The Veteran complained of constant pain which was sharp at times and dull at times. He endorsed muscle spasms of the low back, as well as numbness and tingling in the right leg, which also occasionally gave out and caused him to fall. The Veteran had difficulty bending over and squatting, and used a cane for ambulation. 

Following a review of the claims file and an examination of the Veteran, the examiner opined that it was less likely than not that the lumbar spine disability was incurred in or caused by the claimed in-service injury, event or illness. In support of the opinion, the examiner noted the service treatment records contained several complaints of low back pain due to muscle strain associated with heavy lifting. The examiner noted that there were no records to indicate that the car accident in 1968 caused any damage to the back, other than a whiplash type neck injury, which was a muscle injury, as opposed to an injury to the vertebra or discs. The Veteran's separation physical and report of medical history noted episodic complaints of back pain but no chronic ongoing complaints. In fact, the first objective evidence of degenerative disc disease was recorded 22 years after service in 1990. At that time, imaging studies in 1990 revealed mild degenerative changes in the lumbar spine. Mild degenerative disc disease was not unusual in a 43 year old male with a history of physical labor. In this regard, it was noted that post-service discharge the Veteran's occupational history included heavy labor, such as off shore and construction work, which would strain the back. Thereafter in 2010, at the age of 63, he was noted to have marked degenerative disc disease which would be the expected effects of normal aging of the spine, particularly in light of the Veteran's post-service occupational history. Therefore, in summary, after review of the Veteran's service treatment records, post-service treatment records, the Veteran's history, and clinical experience and expertise, the examiner concluded that the Veteran's current low back diagnoses were less likely than not due to his active military service, including the motor vehicle accident in December 1968. Rather, the Veteran's lumbar spine disability was more likely than not due to or caused by a combination of many years of physical labor after service and by changes normally associated with aging.

In finding that the evidence does not support a conclusion that the Veteran incurred the current lumbar spine disability during service, the Board finds the opinion of the June 2015 VA examiner to be the most persuasive and probative opinion of record. The examiner's findings were based on a review of the evidence, to include the service treatment records and diagnostic testing, which did not substantiate a finding that the Veteran sustained chronic back disorder had onset in service, to include a motor vehicle accident in December 1968. The examiner considered the complete record and the Veteran's contentions, and provided an explanation as to why the evidence does not support a finding that the Veteran's current back disorder is related to service. As this opinion was based on an examination of the Veteran and is supported by a well-reasoned rationale, the Board finds this opinion to be highly probative. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302-04 (2008) (holding that it is the factually accurate, fully articulated, sound reasoning for the conclusion that contributes to the probative value of a medical opinion). Significantly, it is consistent with the evidence of record, including the service treatment records and the medical opinion of the VA examiner in 2010, and there is no medical opinion to the contrary.

While the Veteran may sincerely believe that his current lumbar spine disability is related to injuries incurred in service, including back strains due to heavy lifting and a motor vehicle accident, it has not been shown that the Veteran had specialized training sufficient to diagnose lumbar spine disorders or to determine whether particular symptoms are the result of a chronic lumbar spine disability. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007) (noting general competence to testify as to symptoms but not to provide medical diagnosis). In this regard, the diagnosis and etiology of lumbar spine disorder requires medical testing and expertise to determine. Thus, the Veteran's opinion in this regard is not competent medical evidence. The Board finds the medical opinion rendered by the VA examiner to be significantly more probative than the Veteran's lay assertions. Moreover, whether the symptoms the Veteran reportedly experienced in service or following service are in any way related to his current lumbar spine disorder is also a matter that requires medical expertise to determine. See Clyburn v. West, 12 Vet. App. 296, 301 (1999) ("Although the Veteran is competent to testify to the pain he has experienced since his tour in the Persian Gulf, he is not competent to testify to the fact that what he experienced in service and since service is the same condition he is currently diagnosed with."). Thus, the Veteran's own opinion regarding the onset and etiology of his current back disability is not a competent medical opinion.

In summary, there is no competent evidence of arthritis of the lumbar spine in service or within one year following discharge from service. Thus, the provisions regarding continuity of symptomatology are not applicable. See Walker, 708 F.3d at 1340 (holding that only conditions listed as chronic diseases in 38 C.F.R. § 3.309(a) may be considered for service connection under 38 C.F.R. § 3.303(b) (2016). Moreover, the most probative and persuasive evidence is against a finding that his current back disability is related to service. Accordingly, service connection for a lumbar spine disability is denied. 

As the preponderance of the evidence is against the Veteran's claim the benefit-of-the-doubt doctrine does not apply. 38 U.S.C.A. § 5107(b) (West 2014); Ortiz v. Principi, 274 F.3d 1361, 1364, 1365 (Fed. Cir. 2001) (holding that "the benefit of the doubt rule is inapplicable when the preponderance of the evidence is found to be against the claimant"); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

ORDER

Service connection for a lumbar spine disability, characterized as low back pain with degenerative disc disease/degenerative joint disease of the lumbar spine, is denied.

____________________________________________
KATHLEEN K. GALLAGHER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs